ABRAM MITCHELL

*v.*

LEVI P. LYMAN *et al.*

| 77 | 525 |
| 34a | 543 |
| 77 | 525 |
| 49a | 566 |
| 77 | 525 |
| 169 | 543 |
| 77 | 525 |
| 74a | 20 |

| 77 | 525 |
| d90a | 2 82 |

1. USURY—*whether legal interest is recoverable upon a note where usurious interest is reserved.* Where usury is reserved in a promissory note, given for money loaned, by taking five per cent interest in advance from the

principal sum, and making the note given for the whole sum bear ten per cent interest from date, no interest will be recoverable upon the note, and all payments of interest will be applied on the principal.

2. SAME—*interest not forfeited upon note given in renewal of prior note infected with usury.* Where a promissory note is given in renewal of a prior one in which interest at the rate of fifteen per cent per annum was reserved, with additional parties thereto as securities, the last note bearing a legal rate of interest, it being a new contract, with additional parties, will not be infected with the usury in the first, and the legal rate of interest may be collected on the sum actually due thereon.

3. SAME—*taking interest in advance from the sum loaned is not usurious.* If a person borrows $3000 for one year, at ten per cent interest, the taking of interest in advance out of the principal, so that the borrower receives but $2700, and gives his note for $3000, with ten per cent interest after maturity, will not taint the transaction with usury.

4. SAME—*allowed on note given in renewal.* Although usurious interest, voluntarily paid, can not be recovered back, yet, so long as any part of the original debt remains unpaid, though evidenced by a new note, with new parties as securities, the principal debtor may insist that all payments of usurious interest shall be deducted from the principal of the new note.

5. Thus, where a person, borrowing $3000, gave his note for that sum, payable in one year, with interest at the rate of ten per cent, while in fact interest at the rate of five per cent was reserved in advance, so that the borrower received only $2850, and, at the end of the year, he gave a new note for $3000, with personal security, bearing ten per cent interest, it was *held*, that, owing to the usury reserved in the first note, no interest was allowable thereon, and, in a suit upon the last note, all payments of interest on the first note should be deducted from the principal, and interest allowed only on the balance.

APPEAL from the Circuit Court of Marion county; the Hon. AMOS WATTS, Judge, presiding.

Mr. GEO. W. WALL, for the appellant.

Messrs. CASEY & DWIGHT, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action of assumpsit, brought by appellant, against appellees, to recover upon a promissory note, of which the following is a copy:

"$3000.          CENTRALIA, ILL., *December* 20, 1869.

"On or before December 20, 1870, we, or either of us, promise to pay to the order of A. Mitchell the sum of three thousand dollars ($3000), for value received, negotiable and payable without defalcation or discount, with interest at ten per cent from date, payable annually.

L. P. LYMAN,
ALEX. McCLELLAND,
JNO. W. REED,
ISAAC McCLELLAND,
JOHN McCLELLAND,
JOHN WOODS."

Upon the back whereof were the following credits:

"Received the sum of (300) three hundred dollars on the within note, this 24th day of December, 1870.

A. MITCHELL.

"Received on the within note the sum of thirteen hundred dollars ($1300), this February 15, 1872.     A. MITCHELL.

"March 19, 1872, received, as interest on the within note, the sum of $200."

The only defense set up was one of usury.

The cause was tried, and a verdict found, on the 15th day of February, 1875, for the plaintiff, for $658.40, from the judgment on which he brings this appeal.

The evidence as to the usury was conflicting, but, taking that on the part of the defendants as proving to the full extent of all it tends to prove, it presents this state of facts: that, on September 1, 1868, three of the defendants, L. P. Lyman, Alex. McClelland and Jno. Reed, being in the mill business at Sandoval, Ill., under the firm name of Lyman, McClelland & Co., borrowed from the plaintiff, A. Mitchell, the sum of $3000, for one year, at fifteen per cent interest, giving therefor their promissory note, as follows:

"$3000.                CENTRALIA, ILL., *September* 1, 1868.

"One year after date, we, jointly and severally, promise to pay to the order of A. Mitchell three thousand dollars, with interest at ten per cent per annum; value received.

> ALEX. McCLELLAND,
> LEVI P. LYMAN,
> JOHN W. REED."

The extra five per cent interest was retained out of the sum loaned, Lyman, McClelland & Co. actually receiving at the time only $2850.

This note was secured by a mortgage on their mill property. After the note became due, another agreement was entered into between the parties, that Lyman, McClelland & Co. should pay up all the interest on the note, and have the money for another year, at ten per cent interest; that the note of September 1, 1868, and the mortgage on the mill to secure it, should be given up and cancelled, and that a new note should be given for the principal money, at ten per cent interest only, with personal security. That arrangement was carried out, and, in fulfillment of it, the note in suit was given and accepted, with Isaac McClelland, John McClelland and John Woods as the personal security upon it.

In the court below, there was no interest whatever allowed upon the note sued on, and there was further deducted from it all the interest which had been paid upon the previous note of September 1, 1868.

We are of opinion that there was error in the disallowance of any interest upon the note in suit. The penalty, under our statute, for contracting to receive a greater rate of interest than ten per cent per annum is a forfeiture of the whole of the interest so contracted to be received, and only the principal sum is recoverable. The contract sued upon is unobjectionable as being one to pay a greater rate of interest than ten per cent per annum, and no greater rate was ever paid under it; nor do we perceive that it had mingled in it any usurious element. The contract was another and different

one from that of September 1, 1868. That was a contract, on the part of three persons, to pay $3000, with fifteen per cent interest, with mortgage security on the mill property. The contract of December 20, 1869, was one, on the part of six persons (three of them being additional), to pay the $3000, with only ten per cent interest, and that the first note and the mortgage security should be given up and cancelled, which was accordingly done.

The latter contract was made by different persons, in part, for the payment of a different and a legal rate of interest, and on the additional and further consideration of the cancellation of the mortgage on the mill property.

We can not see that the last note is infected with usury on the account that it was given for the sum of $3000, while the amount actually received by the borrowers in the first instance, on September 1, 1868, was only $2850, and not $3000.

The extra five per cent interest was paid in advance, on September 1, 1868, and so retained out of the sum of $3000 borrowed, and the note given for $3000, with ten per cent interest. Notwithstanding $2850 only was actually received, $3000 was the principal sum borrowed, and was the principal sum due at the end of the year, and giving a new note for the principal sum of $3000 did not necessarily have embraced in it any element of usury. Had the loan of the money on September 1, 1868, been only at the legal rate of ten per cent interest, and the interest paid in advance, and retained out of the sum loaned, and had the borrowers received but $2700, and given their note for $3000, payable in one year, with ten per cent interest after maturity, the transaction would have been unexceptionable as regards usury.

The statute limits the rate of interest to ten per cent per annum, but is silent in regard to any time of the payment of the interest, whether at the end of the year or otherwise. It was said by BLACKSTONE, Justice. in *Lloyd* v. *Williams*, 2 W. Bl. 792, "that interest may as lawfully be received before-

34—77TH ILL.

hand for *forbearing,* as after the term is expired for *having forborne,* and it shall not be reckoned as merely a loan of the balance." The reservation of the statutory rate of interest, and the taking of the same in advance out of the sum loaned, is not usurious, as held by this court. This was expressly so adjudged in *McGill et al.* v. *Ware,* 4 Scam. 21. The legal rate of interest at that time was twelve per cent per annum, and McGill, on the first day of June, 1833, borrowed of Ware $2500. for five years, at twelve per cent interest per annum, payable in advance, for which sum he executed his note, payable, without any interest, at the end of the five years. After deducting $300, the interest on $2500 for one year at twelve per cent, Ware paid McGill $2200. McGill, at the same time, also executed his four several promissory notes for $300 each, the yearly interest on $2500 at twelve per cent, payable severally one year in advance, to-wit: on the first of June, 1834; first of June. 1835; first of June, 1836, and first of June, 1837. The defense of usury was there set up, but the transaction was sustained, as free from the objection of usury.

There are many authorities to the point, that, although a contract be, in its inception, usurious, a subsequent agreement to free it from the illegal incident shall make it good. *Barnes* v. *Hedley,* 2 Taunt. 184; *Kilbourn* v. *Bradley,* 3 Day, 356; *De Wolf* v. *Johnson,* 10 Wheat. 367; *Postlethwait* v. *Garrett,* 3 Monroe, 345; *Fowler* v. *Garrett,* 3 J. J. Marsh. 681; *Chadbourne* v. *Watts,* 10 Mass. 124; *Clark* v. *Phelps,* 6 Metc. 296; Blydenburg on Usury, 91.

But although the usury in the first note should not affect the second one, to the disallowing of the interest which it bears, yet, we are of opinion that it should have effect to the extent that there should be a deduction from the second note of all payments of interest made, before it was entered into, upon the first note. The first note being usurious, no interest whatever was recoverable upon it.

This court, while deciding that usurious interest, voluntarily paid, can not be recovered back, holds, still, that, so long

as any part of the debt remains unpaid, the debtor may insist upon a deduction of all usurious interest paid, therefrom. *Hadden* v. *Innes et al.* 24 Ill. 381; *Farwell* v. *Meyer et al.* 35 id. 42; *Saylor* v. *Daniels,* 37 id. 331.

We think that, under these decisions, for the purpose of the allowance of a deduction of all payments of interest made upon the first note, the original loan of the $3000 is not to be considered as so far settled and paid up as to exclude such deduction.

The views expressed sufficiently dispose of the instructions, which were not in harmony therewith.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*

Mr. JUSTICE WALKER: I am unable to concur in the reasoning or conclusion announced in this opinion.