BERNHARD KIHLHOLZ

*v.*

FREDERICKE WOLF, EXRX.

*Filed at Ottawa June 21, 1882.*

1. USURY—*burden of proof lies on party alleging usury.* The burden of proving a transaction usurious, rests upon the party alleging it. The usury must be established by a preponderance of evidence, or else the defence fails.

2. SAME—*what constitutes usury—as to commissions paid to party obtaining loan.* Where the lender of money at the request of the borrower pays out of the money loaned commissions and other expenses of third persons, as agents of the borrower in procuring the loan, being of no benefit to

the lender, this will not render the transaction usurious. It has been held otherwise where the commissions paid the agent inured directly to the benefit of the lender.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding.

Messrs. DENT & BLACK, and Mr. MARSHALL BECK, for the appellant:

A loan of money, when the lender retains a part of the sum loaned to pay an agent procuring the loan a bonus or commission, above the legal rate of interest, is usurious, although the lender retains only a legal discount. *Meagoe* v. *Simmons,* 1 Moody & Malkin, 121; *Condit* v. *Baldwin,* 21 N. Y. 219; *Bank of the United States* v. *Owens,* 2 Pet. 536; *Hine* v. *Handy,* 1 Johns. Ch. 7; *Gates* v. *Hack et al.* 57 Ill. 587; *Reinback* v. *Crabtree,* 77 id. 182; *Meiswinkle* v. *Jung,* 30 Wis. 361; *Kendig* v. *Linn,* 47 Iowa, 62; *Payne* v. *Newcomb,* 100 Ill. 611.

The rule in this court is, that usury paid with the principal can not be recovered back, but so long as any portion of the principal remains, out of or in connection with which the usurious interest accrued, it may be deducted from or set off against such principal. *Hawhe* v. *Snydecker,* 86 Ill. 197; *Mitchell* v. *Lyman,* 97 id. 525; *Peddicord* v. *Connard,* 85 id. 102; *Jenkins* v. *Greenebaum,* 95 id. 11; *House* v. *Davis,* 60 id. 367; *Haddin* v. *Inness,* 24 id. 381; *Farwell* v. *Meyer,* 35 id. 41; *Saylor* v. *Daniels,* 37 id. 331; *Jenkins* v. *International Bank,* 97 id. 568; *Driscoll* v. *Tannock,* 76 id. 154.

Mr. W. D. BISHOP, and Mr. T. MORRISON, for the appellee:

A party may take from the borrower a reasonable compensation in excess of interest for services and expenditures in procuring the money to be loaned, where there is no intent to evade the law, provided the services were performed and

the expenses incurred at the request of the borrower, and upon his express promise to pay therefor. *Thurston* v. *Cornell*, 38 N. Y. 281; *Shirley* v. *Spencer*, 4 Gilm. 583; *Eaton* v. *Alger*, 2 Abbott's App. Decis. (N. Y.) 5; *Eaton* v. *Alger*, 2 Keyes, (N. Y.) 41; *Eldridge* v. *Reed*, 2 Sweeney, (N. Y.) 155; *Beadle* v. *Munson*, 30 Conn. 175; *Harger* v. *McCullough*, 2 Denio, 119; *Atlanta et al.* v. *Gage*, 48 Ga. 11; *First Nat. Bank of Martinsville* v. *Caustey*, 34 Ind. 149; *Brown* v. *Harrison*, 17 Ala. 774; 3 Parsons on Contracts, 133, sec. 9; Tyler on Usury, 130–141; *Shirley* v. *Spencer*, 4 Gilm. 583.

This principle seems equally settled in England. *Haynes* v. *Fry*, 15 Vesey, 120; *Palmer* v. *Bohee*, 1 Maule & Selwyn, 56; *Burden* v. *Parry*, 2 Term R. 52. See, also, *Puterbaugh* v. *Farrell*, 73 Ill. 213; *Boyleston et al.* v. *Bayne*, 90 id. 283; *Condit* v. *Baldwin*, 21 N. Y. 219.

Mr. Chief Justice Scott delivered the opinion of the Court:

The bill in this case was brought by Henry Wolf, since deceased, against Bernhard Kihlholz, to foreclose two deeds of trust,—one given by defendant to John Buchler, and the other to Otto Wolf,—to secure the sums of money evidenced by the promissory notes described in the trust deeds. Since the death of Henry Wolf the suit has progressed in the name of Fredericke Wolf, executrix of his estate. The defence attempted to be made is, that usury was reserved in the making of both loans. The cross-bill filed by defendant having been dismissed, nothing remained to be considered except the question made whether the transactions were usurious or not. The cause was referred to the master in chancery, to take testimony and report his conclusions. Touching the vital question made by the pleadings, the evidence consists mainly of testimony given by the parties in interest. Some testimony of disinterested witnesses was taken, but it was so remote to the real issue as not to be of a conclusive

character. It can not be said it strengthens in any consider-able degree the testimony of either party. The report made by the master in chancery presents a very clear and satis-factory analysis of the testimony, and may be regarded as in the main entirely accurate. The Superior Court found by its decree there was no usury in either transaction, and entered a decree of foreclosure for the amount ascertained to be owing to complainant. That decree, on defendant's appeal to the Appellate Court for the First District, was reversed, because "the direction in the decree as to defendant's surren-dering possession to the purchaser upon the latter obtaining the master's certificate of purchase, was in contravention of law," but concerning the finding of the Superior Court upon the question of usury, it was the opinion of the Appellate Court it was not erroneous. On the remandment of the cause a second decree was entered by the Superior Court conforming to the views expressed by the Appellate Court, which latter decree, on defendant's appeal, was affirmed in the Appellate Court, and now he brings the case to this court on appeal.

The question whether the transactions between the parties were usurious, has been again elaborately argued, and the case has been considered with that care its importance demands. As before remarked, the evidence touching the issue as to the usurious character of the transactions consists chiefly of that given by the parties themselves. On every material point it is flatly contradictory, and it may be justly said the testimony of neither party finds any considerable support in the testi-mony of other witnesses. Considering the same question, the Appellate Court, by its then presiding judge, very correctly remarked: "The evidence is so conflicting we can not say there was a preponderance in favor of appellant." (8 Bradw. 371.) No reason is perceived for departing from the con-clusion reached by the Appellate Court in that respect. It would answer no good purpose to enter again upon an analysis

of the testimony. That work has been done by the master to whom the cause was referred. It is sufficient for this court to say, that after a patient consideration of the testimony in the record, it is not perceived it was proven by any preponderance of the testimony that either transaction between the parties was usurious. The law is, the burden of proving a transaction usurious rests on the party alleging it. This he must do by a preponderance of evidence, or else the defence fails. That has not been done in this case. Should the testimony of the original complainant be credited, as the trial court was warranted in doing, it does not appear he received anything above the legal rate of interest on the loans made to defendant. That which was paid as commissions and other expenses was paid by decedent to other persons at defendant's request. The payments made to third persons to secure the loans were not of the slightest benefit to him. They were made for, and at the instance of, defendant. In this respect it is unlike the case of *Payne* v. *Newcomb,* 100 Ill. 611. In that case the commissions paid to the agent transacting the business inured directly to the benefit of the lender, and that was thought to render the loans usurious. A nearer affinity exists between this case and *Colehour* v. *State Savings Institution,* 90 Ill. 152, and the reasoning in that case may be referred to as supporting, in some degree at least, the conclusion reached in the case at bar.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*