AZRA F. BROWN *et al.*

*v.*

THE SCOTTISH-AMERICAN MORTGAGE COMPANY.

*Filed at Ottawa June 13, 1884.*

1. USURY—*commissions to loan broker, or to the borrower's own agent.* The payment of an amount to a loan broker as commissions, by the borrower of money, which, added to the current interest upon the note, largely exceeds legal interest, does not show usury in the loan, without proof that the broker acted as the agent of the lender. It does not concern the lender what the borrower pays to his own agent.

2. SAME—*taking interest in advance.* It is the well settled law of this State that it is not usurious to exact the payment of interest in advance.

3. A person obtained a loan of $4500 when the statute authorized ten per cent interest on money loaned, and the agent effecting the loan retained $225 of that sum. The borrower gave his note for $4500, payable five years after the date thereof, with nine per cent interest. It was *held*, that there could be no usury, as the $225 was the interest on the whole sum for five years, at one per cent. In such case the borrower did not pay more than ten per cent, (the legal rate,) so there was no usury, even if the agent acted for the lender.

4. PRACTICE IN THE SUPREME COURT—*whether question arises as to legality of master's fee.* Until the trial court has adjudicated upon the master's fee charged or entered in his report, this court will not inquire whether the amount charged is legal or illegal. By approving the master's report the court below will not be presumed to have passed upon the master's charge and statement of costs appended below his signature, where such charges were not within the reference.

5. CORPORATION—*corporate existence—effect of dealing with a body as a corporation, as an admission of its corporate existence.* The execution of a note, mortgage, etc., to a corporation, as such, is sufficient *prima facie* evidence of the existence of the corporation, and no further proof thereof is necessary until such proof is rebutted. This is a rule of evidence, rather than the application of the doctrine of a strict estoppel.

6. SAME—*plea of ultra vires—whether allowable by a borrower of money from a corporation.* There is nothing in the character of a corporation for the loaning of money, contrary to public policy in this State; and where a party has borrowed money of such corporation, and given his note for the same, secured by mortgage, to allow the plea of *ultra vires* would work a wrong and injustice, which is not admissible.

7. CHANCERY PRACTICE—*objections to answer—how to be taken—and when availing.* No question can be raised by demurrer to an answer in chancery. Under the chancery practice, if an answer is defective it must be excepted to, a demurrer not being allowed. And when the answer is not under oath, exceptions will not lie, because such answer is not evidence for the party making it.

APPEAL from the Appellate Court for the First District;— heard in that court on writ of error to the Circuit Court of Cook county; the Hon. THOMAS A. MORAN, Judge, presiding.

Mr. B. M. MUNN, and Mr. EDWARD J. HILL, for the appellants:

The allowance of $50 as the master's fees for the report, is $40 in excess of the amount limited by statute. Rev. Stat. chap. 53, sec. 20; *Lee* v. *Rowley,* 4 Bradw. 218; *Harvey* v. *Harvey,* 87 Ill. 54.

The powers of a foreign corporation depend for their validity under the laws of its own sovereignty. *Bank of Augusta* v. *Earle,* 13 Pet. 519.

The weight of authority is against the existence of corporate authority, unless clearly shown by express grant or by

clear implication. *Ramsey* v. *Peoria Marine and Fire Ins. Co.* 55 Ill. 311.

No corporation can exist without some domicil where it may do business. *Land Grant Ry. and Trans. Co.* v. *Coffee County*, 6 Kan. 245.

Under the general issue the better opinion seems to be that a corporation is not bound to prove its corporate existence, for its right to sue is thereby admitted; but when put in issue by *nul tiel corporation*, the allegation must be substantially proven. Angell & Ames on Corp. sec. 634; 16 Johns. 300; *McIntire* v. *Preston*, 5 Gilm. 48; *Hargrave* v. *Bank of Illinois*, Breese, 84; *Jones* v. *Bank of Illinois*, id. 86.

Under the plea of *nul tiel corporation* the burden of proof is on the party alleging corporate existence. *Ramsey* v. *Insurance Co. supra; Cross* v. *Pinckneyville Mill Co.* 17 Ill. 54; *Marsh* v. *Astoria Lodge*, 27 id. 421; *President and Trustees of Mendota* v. *Thompson*, 20 id. 197; *Baker* v. *Administrator of Backus*, 32 id. 79; *Tarbell* v. *Page*, 24 id. 46; *Stone* v. *Great Western Oil Co.* 41 id. 85.

A plaintiff corporation, by taking issue on a plea of *nul tiel corporation*, takes upon itself the burden of proving its corporate existence in accordance with its allegations and replication, and the estoppel to deny the corporate existence is waived. 1 Chitty's Pleading, 634; *Smith* v. *Whittaker*, 11 Ill. 417.

Mr. Theodore Sheldon, for the appellee:

The master's fee has not yet been allowed. The item of his fee is no part of the report, but a mere direction to the clerk in taxing the costs. The allowance of such costs is not reviewable in this court. *Ling et al.* v. *King & Co.* 91 Ill. 571.

Appellants having contracted with the appellee as a corporation, obtained the loan from and delivered to it as such corporation, *eo nomine*, the note, coupons and deed of trust

securing the same, are thereby estopped from denying its corporate existence, or its power to loan money, or to bring suit to recover money so loaned. Angell & Ames on Corp. (10th ed.) 649; Hermann on Estoppel, secs. 579, 580; Bigelow on Estoppel, (2d ed.) 424; *Steam Navigation Co.* v. *Weed et al.* 17 Barb. 578; *Lombard* v. *Chicago Sinai Congregation*, 64 Ill. 477.

Had the entire commission been received by the mortgage company it would have made the rate of interest for the five years exactly ten per cent, which was then lawful, but the commission went to the brokers who procured the loan. *McGovern* v. *Union Mutual Life Ins. Co.* 109 Ill. 151.

It is claimed the estoppel was waived by the company failing to plead the same by demurrer to the answer of *nul tiel corporation.* A demurrer to an answer in chancery is at least unusual. The estoppel was properly raised by the general replication.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was a bill in chancery, by the Scottish-American Mortgage Company, (Limited,) against Azra F. Brown, Lydia Elizabeth Brown, his wife, Philo Allen, and Mary Allen, his wife. Philo Allen and Mary Allen made default, and a decree *pro confesso* was rendered against them. Azra Brown and Lydia Elizabeth Brown answered, denying the existence of the complainant as a corporation, and also its right or power to loan money in this State. They allege that the loan mentioned in the bill was made by James Duncan Smith and Thomas J. Gordon, capitalists of Scotland, in the kingdom of Great Britain, to Azra F. Brown, through their agents, Henry I. Sheldon and Daniel H. Hale, of the firm of Daniel H. Hale & Co., of Chicago, and not by or through them as officers of complainant; that as such agents they were guilty of fraud and circumvention, in exacting usurious interest and

a bonus of $225 for negotiating said loan, and in requiring the giving of the principal note of $4500 when the borrower received only the sum of $4220. There was a replication to the answer, and the cause was, at the October term, 1882, of the court, referred to the master in chancery, to take and report the evidence, and his conclusions thereon. The master in chancery subsequently made his report, in writing, to the circuit court, and Brown filed exceptions thereto, and afterwards, at the February term, 1883, of the court, these exceptions were overruled, and the court decreed a foreclosure of the mortgage. Azra and Lydia Elizabeth Brown sued out a writ of error from the Appellate Court for the First District, upon that decree, and that court, at its October term, 1883, affirmed the decree of the circuit court. They now appeal from that affirmance to this court, and bring this record before us for review.

The charge in the answer that there was fraud and circumvention in the loan in charging usurious interest, is very clearly not made out. In the first place, it is not shown that the firm of Daniel H. Hale & Co., to whom the $225 was paid, were the agents of complainant in making the loan. If they were not the company's agents, but were the agents of Brown, in that transaction, although he might have paid them an amount which, added to the current interest upon the note, largely exceeded legal interest, it would not prove usury in the loan. It can not concern the lender what the borrower pays to his own agents. (*Kihlholz* v. *Wolf, Ex'x.* 103 Ill. 362; *Phillips* v. *Roberts,* 90 id. 492.) The burden of proving a transaction usurious rests upon the party alleging it. (*Boylston* v. *Bain,* 90 Ill. 283; *Kihlholz* v. *Wolf, Ex'x. supra.*) In the next place, at the time this loan was made (July 15, 1875,) it was lawful to exact ten per cent per annum interest on money loaned. The note given bears interest only at the rate of nine per cent per annum, and runs for five years. It has been held, and is the well settled law of this court, that

it is not usurious to exact the payment of interest in advance. (*Mitchell* v. *Lyman et al.* 77 Ill. 525; *Goodrich* v. *Reynolds*, 31 id. 490; *McGill* v. *Ware*, 4 Scam. 21.)   One per cent on $4500 (the amount borrowed) for five years makes just $225; and so, in any view, interest has not been exacted beyond the rate of ten per cent per annum—the then legal rate.   *McGovern* v. *Union Mutual Life Ins. Co.* 109 Ill. 151.

The objection to the master's fee is untenable.   Without stopping to inquire whether the amount charged is illegal, we deem it sufficient to say the circuit court has never adjudicated upon that question.   The facts are, the master appended below his signature to his report, a statement of costs, as a guide to the clerk in making up his fee bill. It is not within the reference, is no part of the report proper, and the court in approving the report is not to be presumed to have passed upon it.   When the fee bill is made up including it, it will be competent for appellants to question its validity by a proper proceeding, if they shall deem it advisable.   In all respects, we think the evidence authorizes the amount of the decree as rendered.

The principal question, and only one upon which we have had any hesitancy, is that arising upon that part of the answer which denies the existence of the complainant as a corporation, and its authority to loan money in this State; but after mature consideration we are satisfied it must be decided against appellants.   They do not deny, but, at least indirectly, admit, the execution of the promissory note, the power of attorney to confess judgment, and the deed of trust or mortgage,—each of which expressly admits and recognizes the existence of the complainant.   The rule is, the execution of a note, mortgage, etc., to a corporation, as such, is sufficient *prima facie* evidence of the existence of the corporation, and no further proof thereof is necessary until such proof is rebutted.   Morawetz on Private Corporations, sec. 138; Angell & Ames on Corporations, (5th ed.) 635; Hermann on

Estoppel, (2d ed.) 424; *Dutchess Manf. Co.* v. *Davis,* 14 Johns. 238; *Jones* v. *Cincinnati Type Foundry Co.* 14 Ind. 90; *Cahill* v. *Kalamazoo Mutual Ins. Co.* 2 Doug. (Mich.) 124; *Steam Navigation Co.* v. *Weed,* 17 Barb. 378; *Black River R. R. Co.* v. *Clark,* 25 N. Y. 208; *Lombard* v. *Sinai Congregation,* 64 Ill. 477.

But counsel contend this is upon the principle of estoppel, and could properly only have been relied upon, here, by demurring to the answer. In this class of cases, while it is usually said the party is estopped to deny the existence of the corporation, the courts really proceed upon a rule of evidence, rather than upon the strict doctrine of estoppel. As is well said by Perkins, J., in *Jones* v. *Cincinnati Type Foundry Co. supra:* "They have treated the contract with a party by a name implying a corporation, really as evidence of the existence of a corporation, more than as an estoppel to disprove such fact." But we are not aware that any question could have been raised by demurrer to this answer. Under the chancery practice, if an answer is defective it must be excepted to,— a demurrer is not allowable. (*Stone et al.* v. *Moore,* 26 Ill. 165.) But where the answer is not under oath exceptions will not lie, because such answer is not evidence for the party making it. (*Supervisors of Fulton County* v. *Mississippi and Wabash R. R. Co.* 21 Ill. 366.) Nothing could have been replied specially, for the statute provides: "Replications shall be general, with the like advantage to all parties as if special." (Rev. Stat. 1874, chap. 22, sec. 28.) The oath to the answer is here waived by the bill, and the answer is not under oath. It must result, either that the effect of the evidence of the execution of the note, *cognovit* and trust deed to appellee, by its corporate name, can not be considered at all in cases like the present, or it is competent to consider it under the issue raised upon the answer. This latter course seems to us unobjectionable, and appears to be in the interest of justice. There is nothing in the character

16—110 Ill.

of such a corporation contrary to public policy in this State, (*Stevens* v. *Pratt et al.* 101 Ill. 206,) and to allow the plea of *ultra vires* here would be to work a wrong,—it would be contrary to natural right and justice. This is never admissible. *Darst* v. *Gale et al.* 83 Ill. 136.

We perceive no reason for disturbing the decree below, and it is therefore affirmed.

*Decree affirmed.*