THE NATIONAL LIFE INSURANCE COMPANY, Appellee, *vs.* JAMES DONOVAN, Appellant.

*Opinion filed February 19, 1909.*

1. USURY—*what is not usury.* Deducting interest in advance is not usury, nor is the withholding of a commission for the loan, provided the total amount of interest charged, together with the commission, does not exceed seven per cent for the length of time for which the loan was made.

2. COSTS—*when costs of additional abstract will not be taxed to appellant.* The costs of an additional abstract will not be taxed to appellant where but two of its nineteen pages were directed to supplying the defects in the appellant's abstract, which defects consisted of the omission of marginal references to the pages of the record where the objections and exceptions to the master's report would be found.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

W. P. BLACK, and A. B. CHILCOAT, (C. D. F. SMITH, of counsel,) for appellant.

L. A. STEBBINS, for appellee.

Mr. JUSTICE FARMER delivered·the opinion of the court:

This is an appeal from a judgment of the Appellate Court for the First District affirming a decree of the circuit court of Cook county for the foreclosure of a real estate mortgage.

Prior to October 22, 1904, appellant, James Donovan, was the owner of certain property in the city of Chicago and desired to make a loan on said property. He applied to the firm of Hall & Jones, brokers, who informed him they could probably procure the loan for him from appellee, the National Life Insurance Company. Mr. Jones, of the firm of Hall & Jones, notified the appellee of the application for the loan, and Mr. Johnson, president of appellee, whose office was in the same building as that of Hall & Jones, took up the matter with them and made a loan of $26,500 to appellant October 22, 1904. Appellant executed three principal notes, one for $750, due one year from date, one for $750, due two years from date, and one for $25,000, due three years from date, all payable to the order of appellee, with interest at six per cent per annum from date. These notes were delivered to the Chicago Title and Trust Company, to be delivered to appellee upon certain payments being made to it for the discharge of some claims held by said title and trust company against appellant and the balance to be paid to appellant. On November 12, 1904, appellee paid to the said title and trust company $25,042.50 and the notes were delivered to appellee. The remainder of the $26,500, being $1457.50, was retained by appellee and applied as follows: $795 interest on said $26,500 for six months in advance, and $662.50, a commission of two and one-half per cent for securing the loan, to be paid to the firm of Hall & Jones. Appellant failed to pay· the taxes and insurance on the property in accordance with the agreement, and appellee, on January 19, 1906, filed 'its bill to foreclose the mortgage. Appellant answered, admitting the

execution of the three notes and mortgage, but denied that he was indebted to the appellee in the sum of $26,500, the amount of the three notes. The answer sets up the negotiations for the loan, and states that appellant first made application to appellee for a loan of $30,000 for three years, at six per cent per annum, payable semi-annually, and was to pay a commission for making said loan; that the application was accepted and appellee agreed to make the loan; that afterwards appellee refused to make the loan for $30,-000 but agreed to make a loan for $26,500, and the notes sued on were executed for that purpose and the mortgage given to secure them was placed in the hands of complainant and was by it recorded; that after said deed was recorded appellant was informed by appellee it was not the intention of appellee to make a loan of $26,500, and appellee turned over to the Chicago Title and Trust Company only $25,000 for the payment of certain liens against the property; that appellant objected to this, and insisted the loan was for $26,500 and the retention of the balance was without right or equity and rendered the said transaction usurious; that when the agreement was made to loan the $26,500 it was an entirely new transaction, and that the proposed commission was not to be paid for securing the loan. The answer further proceeds as follows: "Respondent insists that by reason of the premises there was an absolute failure of consideration as to said two principal notes for $750 each, including the security, the execution of which was procured as aforesaid, and that the total indebtedness of respondent to complainant is for $25,-000, and interest at six per cent from October 22, 1904." Issue was joined and the cause referred to a master in chancery to hear evidence and report his conclusions of law and fact. The master found that at the date of his report there was due appellee from appellant the sum of $32,227.86, and recommended a sale of the premises to satisfy the amount due. The chancellor sustained the master's report and en-

tered a decree in accordance therewith except as to the amount of solicitor's fees, which was reduced from $750 to $250. An appeal was prosecuted from the decree of the circuit court to the Appellate Court for the First District. The Appellate Court affirmed the decree of the circuit court, and the case is brought to this court by further appeal.

Appellant's contention is that he did not agree to pay a commission on the $26,500 loan and did not agree to pay six months' interest in advance, and that appellee cannot maintain a bill to foreclose until all of the money for which the loan was given was paid to him, and also that the retention of said amounts was but a scheme or device for the purpose of avoiding the statute prohibiting usury. Appellee insists the retention of the interest and commission was in compliance with the contract entered into when it agreed to make the loan, and that the same does not constitute usury.

Appellant testified before the master that he advertised for a loan on the property for $35,000 and that the firm of Hall & Jones answered the advertisement, and he then called on them at their office in the National Life building. Mr. Jones first told him he thought he could procure the loan at five per cent interest but later informed him he could not do so, and said he thought he could make the loan through the appellee insurance company; that Jones said appellee would make a loan of $30,000 at five and one-half per cent, but after negotiating several days and meeting with Mr. Johnson, president of appellee, several times, the first propositions were abandoned and appellee agreed to make a loan of $26,500 at six per cent interest, and nothing was said about a commission of two and one-half per cent and that no interest was to be paid in advance, but that he had agreed to pay a commission of two and one-half per cent on the first loan that was to have been made. Morris M. Jones testified that when appellant applied to their firm for a loan he first wanted $30,000 but finally said he could get along with $28,000, and that he (Jones) made a memoran-

dum of the application and told appellant the commission would be two and one-half per cent and that he would try to procure the loan of appellee; that appellee refused to loan that amount on the property and told him that the insurance company would loan him $26,500, with interest at six per cent, six months' interest to be paid in advance and that $1500 of said loan was to be paid in one year; that this proposition was submitted by Jones to appellant, and appellant was also told by him at that time that he had to divide his commission with appellee, no matter what the loan amounted to; that this proposition was accepted by appellant, and the matter was then taken up by appellant with the company and the loan made. Albert M. Johnson, president of appellee, testified that the proposition of appellant for a loan was submitted to him by the firm of Hall & Jones, and that he told Mr. Jones he would loan $26,500 at six per cent, six months' interest to be paid in advance and the commission of two and one-half per cent to be divided with appellee; that this was the only proposition ever submitted by him to Jones; that the firm of Hall & Jones was not an agent of appellee but appellee dealt with the firm as brokers; that the loan was made and $25,042.50 paid to the Chicago Title and Trust Company and the mortgage and notes were delivered to appellee. He further testified he deducted six months' interest in advance, amounting to $795, and two and one-half per cent commission, amounting to $662.50, and paid one-half of said commission to the firm of Hall & Jones. Witness further testified that he mailed to appellant a statement of the disposition of the proceeds of the loan and enclosed the interest coupons paid in advance; that afterwards appellant called on him to see if he could borrow some more money, but made no objection to his having deducted the advance interest or the commissions. Lewis A. Stebbins, solicitor for the appellee, testified that appellant called on him and insisted he was entitled to a certain credit, and reduced his complaint to writing and

sent it in a letter to appellee. This letter was introduced in evidence, and the only objection made to the disposition of the fund was that the mortgage was dated October 22 and the loan was not consummated until November 12, and the appellant contended he was entitled to a credit of $88.35 interest on the principal and $23.85 interest on the two coupons, being the accumulated interest from October 22 to November 12, and asked that appellee send him a check for said amounts. The master heard proof as to solicitor's fees, and after setting out the testimony in substance as stated above with reference to the making of the loan, found that there was due from appellant to appellee, as principal, interest, taxes and insurance, the sum of $32,-227.86, and a solicitor's fee of $750. We think the evidence sustains the finding that appellant was to pay six months' interest in advance and a commission of two and one-half per cent for making the loan, and there was, therefore, no failure as to any part of the consideration.

Appellant contends the contract was usurious and that no interest can be collected thereon. To be taken advantage of, usury must be pleaded. Treating the very meager and indefinite answer of appellant as sufficient to raise the question of usury, the contract was not usurious. Collecting legal interest in advance is not usury. (*Brown* v. *Scottish-American Mortgage Co.* 110 Ill. 235.) Appellee was entitled by law to charge seven per cent interest, and if the total amount of interest charged, and the commissions received by it, do not exceed seven per cent for the length of time for which the loan was made the loan is not usurious. Seven per cent interest on $750 for one year, $750 for two years and $25,000 for three years amounts to $5407.50. Six per cent interest (the amount charged in this case) on said sums for the same period of time amounts to $4635, to which add $662.50, the total commission, (and it appears from the evidence appellee received only one-half of said commission,) and the total would yet be $110 less than the

maximum interest permitted to be charged. This method of computation to ascertain whether or not a loan is usurious is sustained by *McGovern* v. *Union Mutual Life Ins. Co.* 109 Ill. 151. The loan was therefore not usurious.

Appellee assigned cross-errors and urges that the court erred in reducing the solicitor's fees from $750 to $250. The mortgage provided for the payment of a reasonable solicitor's fee. The evidence on this question was conflicting, and while that introduced by appellant is not very satisfactory, we do not feel disposed to reverse the decree in this respect.

The record as originally filed in the Appellate Court did not contain the objections filed by appellant to the master's report nor the exceptions filed to said report when the cause came on for hearing before the chancellor. Subsequently a supplemental transcript was filed, properly certified by the trial court, containing the objections and exceptions. These objections and exceptions are shown in the abstract filed by appellant but there are no marginal figures referring to the pages of the record where they will be found. Appellee has filed an additional abstract containing the marginal references to the pages of the record. This part of the additional abstract covers two pages of the nineteen pages contained in the additional abstract. It is not claimed the abstract filed by appellant does not correctly set out the objections and exceptions, but the objection made is that it is not in compliance with rule 14 of this court, requiring the pages of the record to be referred to by numerals on the margin of the abstract. This rule should be complied with, as it is of great aid to the court in the preparation of an opinion. In this case, however, the record is a small one and the additional abstract contains seventeen pages having no reference to the defects in appellant's abstract, and we are therefore not disposed to tax it to appellant as costs.

The judgment of the Appellate Court is therefore affirmed.

*Judgment affirmed.*