## Nelson Chesman & Company, Defendant in Error, v. E. C. Singers, Plaintiff in Error.

1. QUO WARRANTO, § 18*—*proper method to attack corporate existence.* Quo warranto is a proper proceeding to attack directly the legal existence of a corporation.

2. CORPORATIONS, § 51*—*what sufficient proof of corporate existence.* Where the questions of corporate existence is raised collaterally under a plea of *nul tiel corporation*, plaintiff is not required to prove that it is in all respects a legal corporation, and proof that plaintiff had a *de facto* existence will be sufficient to maintain the actions until such proof is overcome by the defendant.

3. CORPORATIONS, § 51*—*how corporate existence may be proved.* A plaintiff to meet a plea of *nul tiel corporation*, the issue so raised being a collateral one, may offer proof that defendant contracted with it as a corporation, and the contract itself is sufficient *prima facie* evidence to show a *de facto* corporate existence and such proof must prevail until overcome by evidence of no corporate existence.

4. CORPORATIONS, § 51*—*how corporate existence may be proved.* Where in an action on a contract note the defendant pleads *nul tiel corporation*, the introduction in evidence of the note showing a contract in writing to pay plaintiff a sum of money sufficiently proves its corporate existence, and in the absence of any evidence by the defendant it is proper to direct a verdict for the plaintiff.

Error to the City Court of East St. Louis; the Hon. ROBERT H. FLANNIGAN, Judge, presiding. Heard in this court at the March term, 1913. Affirmed. Opinion filed October 9, 1913.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

J. F. VICKERS, for plaintiff in error.

JOHNSON-JOHNSON and W. L. COLEY, for defendant in error.

MR. JUSTICE THOMPSON delivered the opinion of the court.

Nelson Chesman & Company brought suit in the City Court of East St. Louis against Edward C. Singers on a contract note and recovered a judgment for the amount specified in the note.

To the declaration the defendant filed a plea of general denial and plead specially *nul tiel corporation.*

The plaintiff to sustain his action introduced the note in evidence and rested its case.

The defendant introduced no evidence and the court directed the jury to return a verdict for plaintiff for the amount due on the note.

The defendant objected to the ruling of the court for the reason plaintiff had offered no proof that it was a corporation, authorized to do business in this State. Plaintiff in error (defendant below) brings the case here and urges a reversal of the judgment on the ground that where the plea of *nul tiel corporation* is interposed the burden is placed on the plaintiff to show corporate existence and legal right to sue, and insists that since defendant in error (plaintiff below) offered no evidence to prove such existence or right that the judgment is contrary to the law and evidence in the case.

To directly attack the legal existence of a corporation, quo warranto is a proper proceeding.

Where the question of corporate existence is raised collaterally as in this case, under the plea of *nul tiel corporation,* the plaintiff is not required to prove that it is in all respects a legal corporation.

Proof that plaintiff had a *de facto* existence would be sufficient to maintain the action until such proof was overcome by defendant. *Hudson v. Green Hill*

*Seminary Corp.*, 113 Ill. 618; *Brown v. Scottish-American Mortgage Co.*, 110 Ill. 235.

In this case the plaintiff introduced the note in evidence showing that the defendant had contracted in writing to pay plaintiff the sum of money which forms a basis of the judgment in this case.

It is a settled rule in this State that the plaintiff to meet the plea of *nul tiel corporation* (the issue so raised being a collateral one) may offer proof that defendant contracted with it as a corporation, and the contract itself is sufficient *prima facie* evidence to show a *de facto* corporate existence, and such proof must prevail until overcome by evidence of no corporate existence.

In *West Side Auction House Co. v. Connecticut Mut. Ins. Co.*, 85 Ill. 497, the Court treating this subject said: "The lease offered in evidence is a contract between appellant and appellee, as a corporation. The contract with appellee, as a corporation, is sufficient evidence of its corporate capacity and overcame the plea of *nul tiel corporation*. There is no evidence to rebut it."

Under the pleadings and proof in this case the court did not err in directing a verdict for the plaintiff and the judgment is therefore affirmed.

*Affirmed.*