**Henry R. Levy, Appellee, v. Edward G. Blonder et al. Appeal of Edward G. Blonder et al., Appellants.**

**Gen. No. 39,900.**

Opinion filed June 29, 1938.

Hirsch E. Soble and Abraham W. Brussell, both of Chicago, for appellants.

I. B. Lipson and A. C. Lewis, both of Chicago, for appellee.

Mr. Presiding Justice Hebel delivered the opinion of the court.

This is an appeal brought jointly and severally by Edward G. Blonder, Samuel Rosen and the Chicago Title and Trust Company, a corporation, as trustee, defendants below, from a decree entered by the court in a foreclosure proceeding.

The plaintiff instituted proceedings to foreclose a mortgage executed by the defendant Edward G. Blonder to secure an indebtedness of $50,000, wherein Edward G. Blonder was the principal debtor and the defendant Samuel Rosen guaranteed the payment of this indebtedness. The Chicago Title & Trust Company, as trustee, was named defendant, and other persons claiming an interest in the said premises were also named as defendants. To the plaintiff's complaint the defendants, Edward G. Blonder and Samuel Rosen filed a joint answer, admitting, in substance, the execution of the mortgage and the creation of the indebtedness, but setting up the defense of usury and alleging tender of amount lawfully due the plaintiff. The Chicago Title & Trust Company as trustee filed an answer alleging that it had no knowledge of the facts stated in the complaint. The other defendants in the case were defaulted. Upon the issue made, the case was referred to a master in chancery to take testi-

mony, to file his report covering the testimony taken and his findings of fact and conclusions of law. Evidence was heard before the master, and various exhibits were introduced in evidence. The master filed his report, to which the defendants filed objections, which were overruled and permitted to stand as exceptions. These exceptions were heard by the court, and on September 23, 1937, the court entered a decree overruling the exceptions of the defendants Edward G. Blonder and Samuel Rosen and sustaining the exceptions filed by the plaintiff. The court in its decree made various findings of fact, among others, that there was no usury in the making of the loan; that the defendant Edward G. Blonder had failed to make payments of interest and principal in accordance with the terms of the loan; that defendants Edward G. Blonder and Samuel Rosen pay the expenses and costs of the foreclosure proceedings; ordered a sale of the premises to satisfy the lien of the mortgage; provided for the entry of a deficiency decree against the defendants Edward G. Blonder and Samuel Rosen in the event the sum realized by sale of the premises was not sufficient to satisfy the mortgage, and it is from this decree that appeal is taken.

No point is made as to the pleadings filed by the parties to the controversy.

One objection made by the defendants to the court's entry of the decree is that the evidence discloses that the loan made by plaintiff Levy to the defendant Blonder was usurious in that Levy intended to and did exact an interest rate of return of more than 7 per cent on the money loaned to Blonder by demanding and obtaining a commission of $1,800 at the time of making this new mortgage and loan in the face amount of $45,-000, and at the same time demanding and obtaining the sum of $150 as purported attorney's fees for his own

use and benefit, in addition to the 6 per cent interest rate as reserved in the instrument of indebtedness requiring prepayments of $2,000 semi-annually with the last prepayment being in the sum of $1,000 and interest payments semi-annually.

There is evidence that the sum of $150 was received by Levy, and that the arrangement with regard to allegedly turning over the $150 to Attorney Joseph A. Golde was a device or makeshift to cover up the exaction by Levy of more than the maximum interest permitted by law.

As to whether $150 attorney's fees amounted to usury, the plaintiff in his answer makes the statement that this is a question of fact; that both the master, who heard the testimony, and the chancellor, who reviewed the record, have found against the defendants on this factual question. The second point made by the defendants is one of law. The master in chancery instead of prorating the $1,800 advance interest over the entire period, charged it against the first year alone and on that basis found the loan to be usurious. The chancellor in his decree made this finding: ''At the time of making said loan the defendant Edward G. Blonder, paid to the plaintiff, Henry R. Levy, the sum of $1,800 as a commission for making said loan, and that said sum, together with interest reserved by said note and trust deed, did not exceed 7 per cent per annum for the period of said loan, and that no usury was in fact charged, exacted or paid, and that it was not the intention of the parties to charge, exact or pay interest at a greater rate than 7 per cent per annum.''

It appears from the facts that the defendants were indebted to the plaintiff in the sum of $50,000; that the note evidencing the indebtedness had matured; that an extension was desired, and that an extension was finally agreed upon by the parties. During the negoti-

ations for this extension the plaintiff referred the matter to his attorney, Joseph A. Golde, who took up negotiations for an agreement, prepared a draft of the necessary papers and passed upon the title, and it appears that the defendant Blonder both orally and in writing agreed to pay the charge of the attorney. At the close of the transaction $150 fee was agreed upon between the defendant and Mr. Golde. The defendant Blonder executed his check for $150, payable to Henry R. Levy, the plaintiff. On the back of the check Blonder wrote: ''My share of attorney's fees.'' This check was delivered to Mr. Golde and was by him mailed to the plaintiff with the request that the plaintiff issue his check for this sum in payment of the fees. Subsequently a check for $150 was mailed by the plaintiff to Mr. Golde, his attorney.

From the facts as they appear, and evidently the court considered the question, it seems but reasonable to conclude that this $150 attorney fee was paid to Mr. Golde by the plaintiff upon receipt of defendant Blonder's check for $150. There seems to be no real dispute about this. From anything we have been able to find in the record we cannot conclude that this payment of $150 for attorney's fees was for the purpose of avoiding the usury law, and we believe in this respect the court did not commit error.

As to the second contention of the defendants, that is, that the payment of $1,800 to the plaintiff as interest in advance on the 5-year loan was usurious, from the facts as called to our attention by the plaintiff, the defendant was indebted to the plaintiff — about which there is no doubt — and the loan was secured by a real estate mortgage; the mortgage was about to mature and the defendant desired an extension of the loan in the sum of $45,000. During the negotiations it appears that $2,000 semi-annual prepayments were

agreed upon, with interest at 6 per cent. The proof shows that the plaintiff called Mr. Wolter, his secretary, into his office and asked him to compute the amount of commission so that the interest charge, including the commission, would be 7 per cent. The matter was then referred to the plaintiff's attorney, and after further negotiations the papers were drafted and executed. It also appears that in the course of time correspondence was had regarding the payment of the loan, which correspondence appears in evidence, and in which the matter of illegal interest or usurious interest was never mentioned.

The plaintiff contends it has long been established in Illinois that taking interest in advance does not constitute usury if the interest reserved plus that contracted to be paid when prorated over the entire period for which the loan is to run does not exceed the highest rate allowed by statute.

Upon the question of rate of interest allowed, ch. 74, entitled Interest, sec. 4 (Ill. Rev. Stat. 1937 [§ 4; Jones Ill. Stats. Ann. 67.04]), provides:

"In all written contracts it shall be lawful for the parties to stipulate or agree that seven (7) per cent. per annum, or any less sum of interest, shall be taken and paid upon every one hundred (100) dollars of money loaned or in any manner due and owing from any person to any other person or corporation in this state, and after that rate for a greater or less sum, or for a longer or shorter time, except as herein provided; . . ." And further, sec. 5 [Jones Ill. Stats. Ann. 67.05] provides:

"No person or corporation shall directly or indirectly, accept or receive, in money, goods, discounts, or thing in action, or in any other way, any greater sum or greater value, for the loan, forbearance or discount of any money, goods or thing in action, than as

above prescribed, except from a corporation, and except, also, in the case of advances of money repayable on demand, to an amount not less than five thousand (5,000) dollars, made and secured as provided in Section 4 of this Act.''

The defendants rely largely upon the case of *First Nat. Bank v. Davis,* 108 Ill. 633, and contend that in that case the court held that the taking of interest for more than one year in advance at the maximum rate is prohibited. As we have stated, the plaintiff did take $1,800 in advance upon the extension of the loan in the sum of $45,000, and interest computed at the rate of 6 per cent, after prepayments due semi-annually of $2,-000 each, for the 5-year period of time provided for in the extension, amounts to $10,800, and the interest at 7 per cent per annum for the same period of time totals $12,600, so that adding the $1,800 commission, the total interest at 6 per cent on the loan of $45,000, amounts to $12,600.

The plaintiff contends that *The First Nat. Bank v. Davis, supra,* is not controlling, and the authorities do not seem to support the contention of the defendants in this regard. In the case of *Brown v. Scottish-American Mortgage Co.,* 110 Ill. 235, the court upon a like question said:

''The charge in the answer that there was fraud and circumvention in the loan in charging usurious interest, is very clearly not made out. In the first place, it is not shown that the firm of Daniel H. Hale & Co., to whom the $225 was paid, were the agents of complainant in making the loan. If they were not the company's agents, but were the agents of Brown, in that transaction, although he might have paid them an amount which, added to the current interest upon the note, largely exceeded legal interest, it would not prove usury in the loan. It cannot concern the lender

what the borrower pays to his own agents. (*Kihlholz v. Wolf, Ex'x,* 103 Ill. 362; *Phillips v. Roberts,* 90 id. 492.) The burden of proving a transaction usurious rests upon the party alleging it. (*Boylston v. Bain,* 90 Ill. 283; *Kihlholz v. Wolf, Ex'x, supra.*) In the next place, at the time this loan was made (July 15, 1875), it was lawful to exact ten per cent per annum interest on money loaned. The note given bears interest only at the rate of nine per cent per annum, and runs for five years. It has been held, and is the well settled law of this court, that it is not usurious to exact the payment of interest in advance. (*Mitchell v. Lyman et al.,* 77 Ill. 525; *Goodrich v. Reynolds,* 31 id. 490; *McGill v. Ware,* 4 Scam. 21.) One per cent on $4,500 (the amount borrowed) for five years makes just $225; and so, in any view, interest has not been exacted beyond the rate of ten per cent per annum — the then legal rate. *McGovern v. Union Mutual Life Ins. Co.,* 109 Ill. 151.''

This question was considered by the Supreme Court in the case of *National Life Ins. Co. v. Donovan,* 238 Ill. 283. The loan there involved was an instalment loan and the question arising similar to the one here. The court said:

''Appellant contends the contract was usurious and that no interest can be collected thereon. To be taken advantage of, usury must be pleaded. Treating the very meager and indefinite answer of appellant as sufficient to raise the question of usury, the contract was not usurious. Collecting legal interest in advance is not usury. (*Brown v. Scottish-American Mortgage Co.,* 110 Ill. 235.) Appellee was entitled by law to charge seven per cent interest, and if the total amount of interest charged, and the commissions received by it, do not exceed seven per cent for the length of time for which the loan was made the loan is not usurious.

Seven per cent interest on $750 for one year, $750 for two years and $25,000 for three years amounts to $5,-407.50. Six per cent interest (the amount charged in this case) on said sums for the same period of time amounts to $4,635, to which add $662.50, the total commission (and it appears from the evidence appellee received only one-half of said commission), and the total would yet be $110 less than the maximum interest permitted to be charged. This method of computation to ascertain whether or not a loan is usurious is sustained by *McGovern v. Union Mutual Life Ins. Co.*, 109 Ill. 151. The loan was therefore not usurious.''

In the case of *McGovern v. Union Mut. Life Ins. Co.*, 109 Ill. 151, cited with approval in the case from which we have just quoted, the Supreme Court said:

''It appears, from the evidence, that Boone charged the complainant three per cent commissions for procuring the loan of $43,000 from the life insurance company, making the sum of $1,290, and it is claimed that this rendered the contract usurious. When this loan was made the legal rate of interest was ten per cent per annum when the contract provided for this amount. The loan in this case was for three years, at nine per cent interest. Now, the three per cent commissions only amounted to one per cent per annum, so that if the commissions are regarded as interest, and added to the interest at nine per cent, provided for in the note, the rate would still be only ten per cent, and not usurious.''

This same question was before the Appellate Court in the case of *Chicago Title & Trust Co. v. Kearney*, 282 Ill. App. 279. We there said:

''The courts of this State have held that in the last analysis the question of whether a contract is tainted with usury is determined not by the form of the contract employed but by the intention of the parties. *Curtis v. LeMoyne*, 248 Ill. App. 99; *Clemens v. Crane*,

234 Ill. 215; *Cooper v. Nock,* 27 Ill. 301. Moreover, there are well considered cases which seem to sustain complainants' contention, namely, that where a commission is paid to the mortgagee for the negotiation of a loan, the transaction is not usurious where the interest for the period of the note, plus the commission when prorated over the length of time the note is to run, does not amount to more than the legal rate per annum.'' And in this opinion the court quoted from *McGovern v. Union Mut. Life Ins. Co.,* 109 Ill. 151, and on the same question cited with approval the case of *National Life Ins. Co. v. Donovan,* 238 Ill. 283, and, of more recent date, the case of *Council v. Bernard,* 319 Ill. 392, where a loan of $50,000 at 6 per cent for a term of 5 years had been made, with an agreed commission of $2,000 and the defense of usury was interposed. This court quoted from the latter case as follows:

''If Bernard made the loan for himself as mortgagee, using his own money, still the transaction would not be usurious, as the interest at six per cent for the entire five-year term, together with the charged commission of $2,000 spread over the same term, only amounts to a rate of interest of 6 $8/10$ per cent, while the legal interest rate that may be charged is seven per cent. It is not usury to withhold a commission for a loan, provided the total amount of interest charged, together with the commission, does not exceed seven per cent for the length of time for which the loan was made. Hence, it makes no difference whether the loan was made by Bernard for himself, or as a broker.'' And further said:

''Under these authorities, we think it must be held that neither this loan, nor the extension of it, may be said to be tainted with usury, in the absence of some evidence tending to show that the provisions of the contract were planned with the intent to evade the statute. There is no such evidence.''

The plaintiff further calls to our attention that the Supreme Court of the United States in *Fowler v. Equitable Trust Co.,* 141 U. S. 384, has held, as a factual matter, that the decisions of the State of Illinois have construed the usury law, as applicable to this case, to be precisely what the plaintiff contends it is. Upon an examination of the cases decided in Illinois, the court said:

"Whether that doctrine will apply where the loan was for such a period that the exaction by the lender of interest in advance would, at the outset, absorb so much of the principal as to leave the borrower very little of the amount agreed to be loaned to him, we need not say. The present case does not require any expression of opinion upon such a point, for the interest reserved in advance on the loan to Fowler was only three per cent out of ten per cent, and a reservation to that extent, it would seem, is protected by the decisions of the state court. The defense of usury, so far as it rests upon the fact that three per cent of the stipulated interest was taken in advance by the lender, must, therefore, be overruled."

The defendants have called to our attention a recent decision of the Supreme Court entitled *Watt v. Cecil,* 368 Ill. 510. From an examination of the opinion of the court, it appears that the question involved was whether the amount charged for interest was a violation of the usury statute, and the court said in part: "The interest on $23,000 at six per cent for the period, together with the alleged premium of $1,250, is larger than the interest on $21,750 loaned at the maximum legal rate of seven per cent for the same time."

The loan in the instant case was for a period of five years from the date of execution, so that it depends largely upon the facts whether or not usury is a proper defense. We, however, have reached the con-

...

clusion that the facts as they appear in the record do not indicate that usury is involved. Therefore, we believe that the law quoted by this court from the several cases cited is controlling, and that the trial court was not in error when it entered a decree of foreclosure.

For the reasons stated the decree is affirmed.

*Decree affirmed.*

Denis E. Sullivan and Hall, JJ., concur.