## JAMES W. BRIDENTHAL

*v.*

## JOHN DAVIDSON.

INSTRUCTION—*whether proper.* In an action on a promissory note, the defendant filed a plea, verified by his oath, denying that he executed the note. The plaintiff testified that he took the note to defendant, when the latter said it was all right, and promised to pay it. This the defendant, in his testimony, denied, and also denied that he ever signed the note or authorized any one to sign it for him. There were no other witnesses in the case: *Held,* it was not error to instruct the jury, for the defendant, that, if the evidence was equally balanced, they should find for the defendant. The instruction is not open to the objection, that it tended to mislead the jury into the belief that they were to find for the defendant if an equal number of witnesses testified on each side, as an equal balance of evidence does not refer to the number of witnesses, but to the equal weight and credit of testimony, whether written or otherwise.

APPEAL from the Circuit Court of Henderson county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. STEWART & PHELPS, for the appellant.

Messrs. GLENN & DAVIDSON, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court :

This was an action brought by appellant, in the Henderson circuit court, against appellee and another, on a promissory note. Service was had on both defendants, and default was entered against Theodore Davidson for the want of a plea. But appellee filed a plea, verified by affidavit, denying the execution of the note.

A trial was had before the court and a jury, when a verdict was rendered in favor of defendant. A motion for a new trial was overruled and judgment entered on the verdict, and the cause is brought to this court by appeal. .

On the trial below, appellant swore that he went to see appellee, who admitted that he executed the note and directed him to leave it at the bank in Monmouth, and he would pay it. He says that appellee, at the time, took the note in his hands, examined it and said it was "all·right;" that appellant did not see the note executed ; that it was given for cattle sold the other defendant, who brought the note to him executed, and he thus received it from him.

Appellee swore that he did not sign the note, or authorize any one to sign it for him. He testifies to seeing appellant at the time named by him, but denies that he saw the note, or knew that his name was signed to it, or that he said it was right, or ever promised to pay it; that he did not direct it to be left at the bank, or know it was claimed he was liable, until the suit was brought on the note.

There was no other evidence in the case.

It is insisted that the court below erred by instructing the jury that, if the evidence was equally balanced, they should

find for the defendant. We fail to see any error in this instruction.

A plaintiff, holding the affirmative of the issue, to recover, must prove his claim by a preponderance of evidence.

The law does not presume the indebtedness of a defendant, or his liability, but requires the plaintiff to prove it; and it must be proved by a preponderance.

Where the evidence is equally balanced, nothing is proved; nor is the instruction liable to the criticism placed upon it by counsel. An equal balance of evidence, as all know, does not refer to the number of witnesses, but to the equal weight and credit of testimony, whether written or otherwise. It is such as leaves the mind in that state that it can not determine whether a fact exists; it leaves it undetermined and incapable of deciding one way or the other on the evidence presented, and no one would say, when the jury are left in that state, that the plaintiff, or person upon whom the onus rests, has established his right to recover.

When appellee denied the execution of the note, by a plea verified by oath, it then devolved upon appellant to prove that it was executed, or appellee subsequently ratified its execution, by a preponderance of evidence. Appellant swore that appellee acknowledged its execution, and he positively denies having done so, and both witnesses refer to the same conversation. They seem to have had equal opportunities to be informed of the facts about which they testified, and both are equally confident in their statements.

In such a conflict, it was the duty of the jury, having seen and heard the witnesses, to determine which was entitled to the greater credit, or, if unable to do so, then to say whether the evidence was not equally balanced.

We perceive no error in the instructions, nor can we say the evidence preponderates in favor of appellant.

Seeing no error in the record, the judgment of the court below must be affirmed.

*Judgment affirmed.*