SABIN D. PUTERBAUGH

*v.*

DEWITT C. FARRELL.

1. USURY—*burden of proof to show.* If a party, when sued upon his note, sets up usury in defense, he holds the affirmative of the issue, and must maintain it by a preponderance of evidence.

2. SAME—*in old transaction, can not be pleaded to new one.* Where an old transaction is settled and closed, and a new loan made, the borrower will not be allowed to set up usury in the former transaction as against the new loan.

APPEAL from the Circuit Court of Peoria county; the Hon. J. W. COCHRAN, Judge, presiding.

Mr. R. G. INGERSOLL, for the appellant.

Messrs. McCULLOCH, STEVENS & WILSON, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was assumpsit, in the Peoria circuit court, on a promissory note. The defense was usury, and tried by the court without a jury. The court found for the plaintiff the amount of the note and interest, and rendered judgment therefor. Defendant appeals.

The case turned upon the point, was this note for a new loan, or for the balance due on the first loan? If the first, then it was claimed the transaction was usurious.

The defendant held the affirmative of the issue, and was bound to maintain it by a preponderance of evidence. The

plaintiff was called as a witness by defendant, and he stated distinctly the note in suit was for a new loan, and he is corroborated by the fact that the old note was surrendered and trust deed released, and this note accepted without security. We think, with the circuit court, that the old transaction was closed, and this note given for a new loan, and must be paid according to its terms.

The judgment of the circuit court is right, and must be affirmed.

*Judgment affirmed.*