CURTIS W. BOYLSTON *et al.*

*v.*

SAMUEL BAIN.

| 90 | 283 |
|----|-----|
| 31a | 450 |
| 90 | 283 |
| 132 | 554 |
| 90 | 283 |
| 133 | 205 |
| 90 | 283 |
| 40a | 383 |
| 90 | 283 |
| 50a | 148 |
| 90 | 283 |
| 90a 1 | 76 |

1. USURY—*by agent loaning without authority to take usury.* Where a principal does not authorize his financial agent, in placing a loan, to charge a greater rate of interest than the law allows, and has no knowledge that a larger rate is charged by the agent, and does not receive the excess of interest, the defense of usury can not be sustained against him. In such case no unlawful and corrupt intent can be imputed to the principal, and he is not bound by the agent's act beyond the scope of his authority.

2. SAME—*burden of proof.* On a plea of usury the burden of proof is on the defendant, and he must make out the defense by a preponderance of evidence.

3. SAME—*when principal debtor pays surety, who assumes debt.* Where the principal debtor settles with his surety, and pays him the sum due either in money or in property, and the surety agrees to assume and pay the debt, and, in pursuance of the agreement, takes up the old note, giving his own in the place thereof, the question of usury in the original transaction becomes immaterial, and the maker of the new note can not interpose it as a defense in a suit on his note.

4. ERROR—*will not always reverse.* Where a principal in a note has paid his surety the amount necessary to discharge the debt, which the surety retains, and assumes the payment of the debt, and gives his own note in lieu of the old note, and this fact is presented by the pleadings, an error by the court in an instruction in respect to usury in the original transaction will be no ground for reversing the judgment against the defendant, as the judgment was proper irrespective of the question of usury.

5. INSTRUCTION—*repeating.* The court is not required to give two or more instructions which are substantially alike, but it may give one and refuse others embodying the same principle.

6. EVIDENCE—*weight and preponderance.* It does not follow, necessarily, that when a fact is sworn to by one witness, and denied by another of equal credibility, there is no preponderance. That does not always depend upon the number of witnesses. The interest, motive, prejudice, manner of testifying, and other kindred things, are to be considered in determining which of two witnesses testifying in conflict with each other is entitled to the greater credit.

7. VARIANCE—*pleading and proof.* Where the pleading shows that $550 was paid by a principal debtor to his sureties, under an agreement they were to assume his debt, it is immaterial whether the payment was in money or property, if accepted under the agreement to assume.

APPEAL from the Circuit Court of Warren county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Mr. J. M. KIRKPATRICK, and Mr. JOHN J. GLENN, for the appellants.

Messrs. STEWART, PHELPS & GRIER, for the appellee.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the Court:

This was an action of assumpsit, brought by Samuel Bain, on a promissory note executed by C. W. Boylston and M. W. Hall, on the 8th day of November, 1873, due in six months, amount $550, with ten per cent interest. To the declaration the defendants pleaded payment, set-off, and usury. To the plea of usury a replication was filed alleging, in substance, that on November 8th, 1873, Giddings, the principal debtor in the original note, paid the defendants $550, the full amount of the note sued on, and the indebtedness then due plaintiff to be paid to plaintiff by said defendants in satisfaction of the amount then due the plaintiff; that the defendants did not pay over the money so paid them to the plaintiff, but retained the same. Issue was taken on this replication, and upon a trial before a jury plaintiff obtained a judgment for $717, the amount of the note and interest. The defendants appealed.

The first point relied upon to reverse the judgment is, that the court erred in giving instructions 1, 2 and 3 for the plaintiff. The first instruction, in substance, declared that the plaintiff would not be bound by the acts of his agent' in making a loan in violation of law, if he had no knowledge the agent had violated the law and did not accept the illegal interest received by the agent on such loan.

We are not prepared to hold that the instruction was erroneous. If the plaintiff did not authorize his agent to charge a higher rate of interest than is given by the statute, and if he had no knowledge that a higher rate was charged, and did not receive the interest paid in excess of that allowed by statute, as stated in the instruction, we perceive no ground upon which the defense of usury could be rested. An unlawful and corrupt intent is the very essence of an usurious transaction, and how the plaintiff could be charged with an intent to violate the law if he had no knowledge that an usurious rate of interest was charged, and never received the illegal interest, as declared in the instruction, it is difficult to understand. The cashier of the bank had no authority to loan at a higher rate than allowed by statute. When plaintiff left his money in his custody with directions to loan, the presumption would be that a loan would be made at the rate sanctioned by the statute. The authority to the agent was to loan at a legal rate, and the doctrine that the principal is bound by the acts of the agent has no application here, as the plaintiff would only be bound by the agent's acts while acting within the scope of his authority. The moment the agent transcended his authority, from that time the principal would not be bound.

In *Condet* v. *Baldwin*, 21 N. Y., 219, where an agent entrusted with money to invest at a legal rate of interest, exacted a bonus for himself, as the condition of making a loan, without the knowledge or authority of his principal, the court, in an elaborate opinion, held that the transaction was not usurious, and that although the agent may have exacted usurious

interest in making the loan, yet the principal, not having authorized it, was not bound.

We do not regard the instruction erroneous, but if it did not contain a correct principle of law we do not think the jury could have been misled by it. Usury, it is true, was one of the issues made by the pleadings, but the main question in the case arose on the replication to the plea of usury, whether the principal debtor had paid the defendants the amount necessary to discharge the note, and whether the defendants had retained the same. If the transaction was tainted with usury in the first instance, and the proof was sufficient to sustain this replication, the defense of usury became a matter of no moment, and if the law given by the court to the jury, upon the question of usury, was not strictly accurate, the error would not be ground for reversing the judgment.

The second instruction merely announces a rule familiar in pleading, that the burden of proof was upon defendants to sustain their plea of usury, and they must make out their case by a preponderance of evidence. We did not suppose there was any doubt, where usury was pleaded, the burden to sustain the defense rested on the defendants. We will, however, cite *Puterbaugh* v. *Farrell*, 73 Ill. 213, where the point seems to be settled.

The third instruction was as follows:

"The court instructs the jury, that if they believe, from the evidence, that the consideration of the note sued on in this case was the payment by Harvey W. Giddings of the full amount of the liability of defendants on account of their being his securities on the $1000 note, offered in evidence, either in money or property, and they (defendants) accepted the same as full satisfaction of the same, they will find for plaintiff for the amount of the note and interest, according to its terms, although they may also believe, from the evidence, that usury was contracted for, and paid by Giddings to plaintiff, as to the three other notes offered in evidence in this case. And that

the whole of the interest, both usurious and legal, had been paid by said Giddings to plaintiff before the execution of the note sued on."

The correctness of the legal principle contained in the instruction is not denied, but it is objected to, first, because there is no evidence to sustain it, and, second, because its language is variant from the averments of the replication.

As to the first objection, we think the proof sufficient to authorize the instruction. Hubbard testified, in substance, that the defendants came to him and admitted that Giddings, who had made the loan originally, and for whom they were held as security, had settled with them, and after a certain payment had been made, they were to assume the balance of the debt, and they desired to give their own note for it, which was done, and the old note taken up. The plaintiff also testified, in substance, that defendants told him Giddings had paid enough to discharge this note, and if they had it to pay they would lose nothing. It is true, the testimony of the defendants conflicts with this, but still the evidence was ample to justify the court in giving the instruction.

As to the second point, it is true the words "money or property" appear in the instruction, and the averments of the replication are that $550 was paid to defendants, etc. Here is a slight variance, it is true, but it was immaterial whether Giddings paid defendants in money or property; — either, if accepted on an agreement to assume the debt, which they did by giving their own note, would be sufficient. We regard the instruction as correct, and fail to perceive wherein it could have misled the jury.

The court refused appellants' instructions Nos. 3 and 4, and this decision of the court is relied upon as error. It has often been decided by this court that a circuit court was not required to give two or more instructions which are substantially alike. In other words, that it was not error to refuse duplicate instructions. This fully meets the point made by appellants,

as their instruction No. 8, which the court gave, contains the substance of all that is embraced in the two refused instructions, stated in language not calculated to mislead the jury.

The fourth instruction was properly refused for another reason: In substance the principle therein announced is, that where a fact is sworn to by one witness, and denied by another of equal credibility, there is, in such case, no preponderance of evidence. This might be true if no fact or circumstance existed to turn the scale on the one side or the other; but a preponderance does not necessarily depend upon the number of witnesses. One witness may affirm a fact, and another deny, and yet the weight of evidence may be clearly on the one side or the other. Facts may exist which will turn the scale on the one side,—interest, motive, prejudice, manner of testifying. These, or other kindred things, are to be considered, in determining which of the two witnesses in the case supposed is entitled to the greater credit. *Bridenthal* v. *Davidson*, 61 Ill. 460.

It is also urged, that the verdict is contrary to the evidence. The real point of controversy in the case was, whether Giddings had settled with the defendants, and paid them, in money or otherwise, a sum equal to the indebtedness of the plaintiff, in consideration of which they assumed the payment of plaintiff's debt. The testimony, although conflicting, tended to establish the affirmative of the proposition. Why the defendants should take up the old note against Giddings, and assume the debt as their own, giving their own note for the same, unless there had been an arrangement between Giddings and them, as the proof showed they admitted there was, is not readily seen. If the testimony introduced by the plaintiff be true—and that was a question purely for the jury—then it is clear the defendants had been paid by Giddings, the principal debtor, to assume and pay this indebtedness. If they had, they were in no position to rely upon the defense of usury to defeat a recovery. At all events the facts in the case seem to

have been fairly submitted to a jury, and they have found against the defendants.

Under such circumstances, and where there is a conflict in the evidence, this court has uniformly decided that the verdict can not be disturbed. The judgment will be affirmed.

*Judgment affirmed.*