## JOSEPH TELFORD

v.

## GERHARDT W. GARRELLS ET AL.

*Trust Deeds—Foreclosure—Usury—Agent's Commission—Voluntary Payment of Interest to Assignee of Note by Assignor—Subrogation—Interest upon Overdue Interest—Res* Adjudicata*—Evidence—Solicitor's Fees.*

1.   A loan procured by an agent of the borrower upon the understanding that he is to receive for his compensation a certain percentage of the amount borrowed, and that the same is to be deducted therefrom and paid by the lender, he being in no wise benefited thereby, is not usurious.

2.   Where a principal makes a loan through his agent, who is not authorized to charge more than the legal rate of interest, and the principal does not know that such agent has so charged and does not receive the excess, the transaction is not usurious as to such principal.

3.   The allowance by the debtor upon settlement, of interest upon annual interest due and unpaid, will not render the transaction usurious.

4.   The assignor of a note may waive the statute which provides for a recovery by the assignee against the assignor only upon condition that the former shall first prosecute the maker to insolvency, or show that a suit against him would have been unavailing; and he may pay the interest due and unpaid upon the notes he has endorsed, and as against the maker retain his right to reimbursement therefor.

5.   Upon a bill to foreclose a trust deed, this court holds that the notes in question are not usurious; that the husband alone was properly ordered to pay the mortgage debt; that the solicitor's fee stipulated for was properly allowed, and that the claim that certain matters touching interest were *res adjudicata* can not be maintained.

[Opinion filed June 15, 1889.]

APPEAL from the Circuit Court of Marion County; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Garrells filed his bill in the Circuit Court against Joseph Telford and wife and said assignees of F. Ryhiner & Co. to foreclose a trust deed executed by Telford and wife to secure the payment of twelve notes for $1,000 each, dated April 21, 1880, payable to Ryhiner & Co., all of said notes, except the

one last due, executed by the Telfords, and the last one signed
by the husband only.    Three of these notes matured in two
years, three in four years, and the remaining six notes in five
years after their date, with eight per cent. interest, payable
annually.    The nine notes maturing in four and five years
were assigned by Ryhiner & Co. to other parties, and from
these parties, by assignments subsequently made, passed to
Garrells, who was admitted to be, at the hearing, the legal
owner and holder of said nine notes, to enforce the payment
of which he filed his said bill.    The three notes due in
two years were retained by Ryhiner & Co., who became
insolvent in 1885, and in 1886 their assignees in bankruptcy,
said appellees, filed a bill against Telford and his wife to
foreclose said trust deed as to said three notes, and in August,
1886, while the suit was pending, Telford paid to the
assignees the amount due thereon, and thereupon the cause
was dismissed at defendant's cost.

In the bill filed by Garrells, he claims there is due him
$9,000 principal, and interest thereon from April 21, 1885.

The Telfords, in answer thereto, set up, among other
matters, that they paid the interest due on said nine notes
from April 21, 1883, for the year ending April 21, 1884, to
Ryhiner & Co., Garrells not being then the owner of the
notes; that on July 20, 1886, complainant and defendant
Telford unlawfully and corruptly agreed that complainant
would forbear the principal of said notes for one year, and
for such forbearance defendant should pay him $763.20,
which sum exceeded the lawful interest, and was paid by
defendant to complainant for the forbearance of said $9,000
for one year; and in their amended answer said defendants
deny receiving $12,000 on the delivery of the twelve notes
and trust deed, but allege they received no more than $11,760,
and that Cone, the agent of Ryhiner & Co., charged and kept
$240 as commission, and thereafter, as such agent, charged and
received interest on the whole sum of $12,000 for the four
succeeding years; that the contract for the loan of money
evidenced by said notes and secured by the trust deed was a
corrupt and usurious contract between the parties to pay and

Telford v. Garrells.

receive more than eight per cent interest, in this, that by the terms of each of said notes respondents were to pay the principal sum named therein sixty days before said notes upon their face were due, together with the *full year's interest*, to be paid sixty days before the end of the year, which said interest for two months was contracted and agreed to be paid in excess of the legal interest; and in pursuance of such usurious contract respondents paid the three notes first maturing, and the sixty days' usurious interest, and all the interest on the other nine notes, $720 per annum, up to and including the year 1884, and set up usury as a defense.

The appellees, assignees of F. Ryhiner & Co., after filing their answer to Garrells' bill, exhibited their cross-bill, alleging the assignment to Gruner, Haller & Co., by Ryhiner & Co., of the nine notes payable in four and five years; the default of the Telfords in the payment of the annual interest thereon, maturing April 21, 1884; the demand by Gruner, Haller & Co. upon Ryhiner & Co., as indorsers, for the payment of such accrued and unpaid interest; the payment thereof to Gruner, Haller & Co., by Ryhiner & Co., as indorsers, by means whereof the last named firm became and were, to the extent of such payment of $720 interest, subrogated to all the rights of the holders of said notes in the mortgaged premises, and were entitled to have said money, with lawful interest from the date of payment, repaid to them by the Telfords, or in default thereof are entitled to have the same repaid to them out of the proceeds of any sale of said premises under any decree foreclosing said deed of trust; further allege the assignment to complainants, on May 5, 1885, by Ryhiner & Co., under the laws of Illinois, of all their property, for the benefit of their creditors; that the Telfords did not pay said sum of $720 to Ryhiner & Co. prior to the date of said deed of assignment, nor to the complainants since that date; prays for accounting, etc.; that the Telfords be decreed to pay amount found due, and in default of such payment the mortgaged premises be sold to satisfy said debt and costs.

In their answer to said cross-bill the defendants deny they defaulted in the payment of said year's interest; deny that

Ryhiner & Co. paid it with their own money, but aver they paid it with money furnished by respondents; deny demand upon Ryhiner & Co., as indorsers, as alleged; deny other material allegations in cross-bill and the right of complainants to the relief prayed for. The cause was heard upon bill, cross-bill, answers, replications and evidence introduced on behalf of Garrells, the said assignees of Ryhiner & Co., and Joseph and Laura Telford.

The court, in the decree, finds the facts to be substantially as alleged in the bill and cross-bill; finds the rights and interests of said assignees of Ryhiner in the mortgaged premises to be subject to the lien of Garrells; that by the provisions of the deed of trust he is entitled to recover his reasonable attorney's fees and to a lien for the amount thereof upon the mortgaged premises; that $250 is a reasonable sum to be allowed him for such fees; and that the total amount due him on August 29, 1888, for principal and interest on his said nine notes, is $11,416; that Ryhiner & Co. became and were subrogated, to the extent of said payment of $720, to all the rights and interests of the holders of said notes in the mortgaged premises, subject to the rights of complainant Garrells; that there is due the cross-complainants, as assignees of Ryhiner & Co., the sum of $720 for said interest paid, and they are entitled, by way of subrogation, to a lien for that amount upon the mortgaged real estate, subject to the lien of Garrells. It is further decreed that defendant, Joseph Telford, within sixty days from August 29, 1888, pay to complainant Garrells said sum of $11,416 and $250 solicitor's fees, and to cross-complainants said sum of $720, with six per cent. interest from date of decree, and costs, and in case of default in making payments as decreed, the mortgaged premises to be sold, and proceeds of sale to be used and applied to the payment of costs, expenses and solicitor's fees, and the debts found due said Garrells and the assignees of Ryhiner & Co., the surplus, if any, to be brought into court, etc.; defendant Joseph Telford alone appealed, and brings the record to this court for review, and asks that the decree may be reversed.

Messrs. HENRY C. GOODNOW and W. & E. L. STOKER, for appellant.

Mr. W. C. KUEFFNER and KROME · & HADLEY, for appellees.

" The burden of proving a transaction usurious rests upon the party alleging it. The usury must be established by a preponderance of evidence, or else the defense fails. Where the lender of money, at the request of the borrower, pays out of the money loaned commissions and other expenses to third persons as agents of the borrower in procuring the loan, being of no benefit to the lender, this will not render the transaction usurious." Kihlholz v. Wolf, 103 Ill. 363.

" When a principal does not authorize his financial agent, in placing a loan, to charge a greater rate of interest than the law allows, and has no knowledge that a larger rate is charged by the agent, and does not receive the excess of interest, the defense of usury can not be sustained against him." Boylston v. Bain, 90 Ill. 283; Brown v. S. A. Mortgage Co., 110 Ill. 235; Hoyt v. Pawtucket Inst. for Savings, 390; Cox. v. M. M. L. Ins. Co., 113 Ill. 382; Callender v. Roberts, 17 Ill. App. 539.

" A debtor, on settlement, may, if he chooses, allow interest on annual interest due and unpaid, and this will not render the transaction illegal." Haworth v. Huling, 87 Ill. 23.

A note given for interest on arrears of interest is not usurious. Edgerton v. Weaver, 105 Ill. 43; Wilcox v. Howland, 23 Pick. 167.

At most, the claim of the appellee, Garrells, for interest on the overdue interest was one that he might not have been able to enforce at law. But it was acquiesced in by the appellant and the amount claimed was paid by him. That ended the transaction, and it can not affect the validity of the notes remaining unpaid.

It is claimed that if appellant did not pay the interest in question, that F. Ryhiner & Co. paid it as volunteers, and therefore can not recover it back. This depends wholly upon the relation of the parties to the debt. The notes were made

payable to F. Ryhiner & Co., and were by them indorsed to third parties. Counsel say that "when Ryhiner & Co. assigned these notes the relation of creditor and debtor between them and Telford ceased to exist." Is this true? The act of indorsement forms a new contract between the indorser and indorsee, which constitutes or implies a promise that the note is due and payable according to its tenor, and that the maker will pay the same at maturity, and that the indorser will pay the same if the maker does not; and this promise is made, not only to the immediate indorsee, but to every subsequent indorsee. 2 Parsons on Notes and Bills, 23.

It is true that our statute provides that before a recovery can be had by an assignee against an assignor or indorser, that the assignee shall prosecute the maker to insolvency or show that a suit against him would have been unavailing. This is a protection the statute gives to the assignor, and is not made for the benefit of the maker. It is the duty of the maker of negotiable paper to pay it when it becomes due. The liability of the indorser is conditional, but the condition being solely for his benefit may be waived by him and can not concern the maker. Houck v. Graham, 106 Ind. 155; Mosier's Appeal, 56 Penn. St. 76.

Our own Supreme Court very fully considered the question of subrogation in Lochenmeyer et al. v. Fogarty et al., 112 Ill. 583, and cited with approval Eddy v. Trevor, 6 Paige, 521, wherein it is held that "it is an established principle of equity that sureties, or those who stand in the situation of sureties for those who pay a debt for them, are entitled to stand in the place of the creditor, or to be subrogated to all his rights as to any fund, lien or equity which he may have against any other person or property on account of the debt." And see Lochenmeyer et al. v. Fogarty, 112 Ill. 583; Conwell v. McCowan et al., 81 Ill. 286; Richeson v. Crawford, 94 Ill. 165; Eddy v. Trevor, 6 Paige, 521; City of Keokuk v. Love, 31 Iowa, 119; Orem v. Wrightson, 51 Md. 34.

Can the matter set up by these appellees in their cross-bill be considered as *res adjudicata* under the facts as disclosed in this record?

The bill filed by them against appellant in August, 1886, was to collect the amount due on the first three notes mentioned in the mortgage.    Nothing contained in that bill had any reference to the claim or demand embraced in appellee's present cross-bill.    The former suit was to compel appellant, as maker, to pay to F. Ryhiner & Co.'s assignees, as payees, the principal and interest of three notes; while this proceeding, under the cross-bill, is to compel appellant, as maker of nine other notes, to pay to the same parties the interest for one year on these nine other notes, which interest was paid by appellees as indorsers of the notes to their indorsees.    The interest on all of these notes was payable annually.    It has been repeatedly held by the Supreme Court of this State that a note like the ones in question contains two contracts— one to pay the principal and the other to pay the interest; each contract forming a separate and distinct cause of action. "Being a promise to pay the debt at one time and the interest at another, it must be construed as containing distinct promises, giving several causes of action, and these being several in their origin, no subsequent event can make them one and entire."    Dulaney v. Payne et al., 101 Ill. 328; Wehrly v. Morfoot, 103 Ill. 185; McDole v. McDole, 106 Ill. 453; Kurz v. Suppiger, 18 Ill. App. 630.

As to when a prior adjudication between the same parties is conclusive and operates as an estoppel, we will only cite the recent case of The Riverside Co. v. Townshend et al., 120 Ill. 18.    We can best state the rule by quoting the language of the court: "There is a well founded distinction laid down in the books between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim or cause of action, and its effect as an estoppel in another suit between the same parties upon a different claim or cause of action.    In the former case, the judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action    *  *  *    concluding parties, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.

\* \* \* But where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted upon the determination of which the finding or verdict was rendered. In all cases, therefore, where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters arising in a suit upon a different cause of action, the inquiry must always be as to the point or question actually litigated and determined in the original action, not what might have been thus litigated and determined." Riverside Co. v. Townshend, 120 Ill. 18; Cromwell v. County of Sac, 94 U. S. Rep. 351.

GREEN, P. J. Appellant's objections to the decree, so far as complainant Garrells is concerned, are, that the court refused to sustain the defense of usury ; that a solicitor's fee of $250 was allowed ; that the decree was against the appellant alone ; and the findings of the court were against the evidence. It is insisted the notes are usurious on their face, because it is agreed therein that eight per cent. interest shall be paid for a period of sixty days longer than the makers are to have the use of the principal; the nine notes are exactly alike in their terms, except as to the time of maturity, three becoming due in four, and six in five years; hence the following copy of one will correctly show the contract between the parties in each and all:

"$1,000.                  STATE OF ILLINOIS, MADISON COUNTY, }
                          HIGHLAND, April 21, 1880.          }

Four years after date, we, the undersigned, Joseph Telford and Laura A. Telford, or either of us, promise to pay to F. Ryhiner & Co., or order, the sum of one thousand dollars, for money actually borrowed and received, with eight per cent. annual interest from this date until paid, said interest payable annually, sixty days previous to the lapse of each year, at the office and into the hands of F. Ryhiner & Co., at Highland, Madison county, Illinois, against special receipts therefor, signed and delivered by said F. Ryhiner & Co. for each such payment, such receipts to be good and valid toward any sub-

sequent owner or holder of this note, the principal also payable at the office of F. Ryhiner & Co. sixty days before maturity of this note.    Given under our hands and seals at the place and on the day and year first above written.

JOSEPH TELFORD,    [SEAL.]

No. 1935.    LAURA A. TELFORD. [SEAL.] "

It is said this note, properly construed, binds the makers to pay the principal in forty-six months, and to pay interest thereon for the full period of four years; hence, an excess of interest is reserved for the time the principal is actually used over the amount of lawful interest allowed for its use for that length of time; but we understand by the very terms, "with eight per cent. annual interest from this date until paid," interest ceases when the principal is paid, and if that is paid at the expiration of ten months in the fourth year, ten months' interest for the time the principal was used in that year is all the makers contracted to pay and all the holder has a right to demand, and such was the understanding and intent of the parties; hence, the note, for that reason, is not usurious on its face, nor was it usurious to contract for the payment of annual interest sixty days before the end of each year.    Brown et al. v. Mortgage Co., 110 Ill. 235.    It is further insisted the money for which these notes were given was loaned to Joseph Telford by Ryhiner & Co., through their agent, Cone, to whom the borrower paid a commission of two per cent. on the sum loaned, and taking this sum as commission was a mere device to evade the usury laws, and tainted the transaction with usury; but we think the court properly found from the evidence, Cone was employed by Telford and acted as his agent in procuring the borrowed money; that the commission was paid him as a compensation for his services as such agent in negotiating the desired loan, of which commission the lenders received no portion, and from its payment derived no benefit; and that Telford received from Ryhiner & Co. the full sum of $12,000, for which the notes were given.

If the borrower employs an agent to effect a loan and agrees to pay him as compensation for his services a percentage on the sum loaned, even though such commis-

sion is paid by the lender to the agent, by request of the borrower, out of the sum loaned, the lender deriving no benefit therefrom, this will not affect the rights of the latter, or make the loan usurious; and in this State if the principal does not authorize his agent to charge more than legal interest upon the loan, and has no knowledge that a higher rate was charged, and does not receive the interest paid in excess of the legal rate, the defense of usury can not be sustained against such principal. Ryhiner & Co.'s rights were not affected by the transaction between Telford and Cone in the payment and receipt of the two per cent. commission, nor did that transaction make the loan usurious. Boylston v. Bain, 90 Ill. 283; Hoyt v. Pawtucket Inst. for Savings, 110 Ill. 390. Appellant also claims it was usurious to receive interest upon overdue interest. It appears that the annual interest on the nine notes due April 21, 1885, was not paid to Garrells until January, 1886. At that time Telford called on Garrells and paid the year's interest, and interest on that for nine months it remained overdue. If Telford allowed and paid interest on interest in arrear, we do not understand the acceptance thereof by the holder affected his notes with usury or furnishes a reason for disturbing this decree. Haworth v. Huling et al., 87 Ill. 23.

The allowance of $250 for solicitor's fees is also assigned for error; but it appears by the record the trust deed provided for the allowance of a reasonable attorney's fee, and $250 was shown by the evidence to be a reasonable compensation for the services rendered by complainant's solicitors. In the absence of any sufficient reasons for disallowing it, the fee so stipulated to be paid was properly allowed. McIntire v. Yates, 104 Ill. 491. It is said, however, that Garrells refused to accept the amount due him on the nine notes from Telford unless the $720 claimed in the cross-bill was also paid, and such refusal caused the present litigation; that therefore it was inequitable and unjust that Telford should be compelled to pay Garrells' solicitors for carrying on a litigation which might have been avoided but for his wrongful refusal to accept the full amount of his claim; but the evidence

failed to show that Telford at any time tendered Garrells the amount due him, and he was obliged to file his bill to enforce its payment.

The objection that Joseph Telford alone was ordered to pay the mortgage debt is without merit. He procured the money borrowed for his own use, and used it in the purchase of land, and can not be permitted to assign for error the order of the court that he repay the borrowed money. We will now examine and dispose of the objections to so much of the decree as applies to the cross-bill. This portion of the decree is claimed to be erroneous for the following reasons: first, because Telford himself paid the $720 annual interest alleged to have been paid by Ryhiner & Co.; second, if the evidence fails to prove the payment by Telford, and Ryhiner & Co. did make such payment, they did so as volunteers, and could not maintain a suit therefor, and their assignees are not entitled to recover; and third, if it be held such payment by Ryhiner & Co. was not voluntary, then the claim therefor is *res adjudicata*, by reason of the final order dismissing the bill of appellees in 1886, mentioned in the statement of this case; and it is further insisted that Telford and the said assignees had a final settlement and adjustment of all claims, including this, in August, 1886. The first contention presents a question of fact, and the court was warranted by the evidence in finding that Telford did not pay said annual interest, but Ryhiner & Co. did pay it. The second contention, that Ryhiner & Co. were mere volunteers, and as such could not pay the interest due, and thus, without the consent of the Telfords, make them their debtors, is not tenable when the true relation between the parties is understood. The Telfords owed this interest and were primarily liable to pay it to Ryhiner & Co., or to the assignees, if the notes were assigned, or in case of default by the makers and the payment thereof to the assignees by the indorsers, in fulfillment of their contract as such, then the Telfords, as makers, became liable to reimburse the indorsers, who, in discharge of a legal liability, paid for the makers the debt they by their contract had agreed to but had failed to pay, and the rela-

tion of debtor and creditor between the Telfords and Ryhiner & Co., to the extent of the interest so paid, was re-established, and to that extent the latter thereby became subrogated to all the rights and interests of the holders of said nine notes in the mortgaged premises. The provisions of th; statute for a recovery by the assignee against the assignor of a note, only upon condition that the former shall first prosecute the maker to insolvency, or show that a suit against him would have been unavailing, are said to apply in this case; but, as is suggested by counsel for appellees, these provisions are intended as a protection to the assignor, and not for the benefit of the maker. This liability of the assignor to a recovery by suit is conditional, but we perceive no reason why he may not waive the benefit of this condition, pay the annual interest due and unpaid upon the notes he has indorsed, and, as against the maker, retain his right to reimbursement. Conwell v. McCowan et al., 81 Ill. 286; Richeson v. Crawford, 94 Ill. 165.

The third and last contention above mentioned, that all matters between the Telfords and cross-complainants, including the claim for said $720, were *res adjudicata* by the decree dismissing said bill of appellees, can not be maintained. The sole purpose of that bill was to enforce the payment of the three notes due in two years, with accrued interest thereon, and *the claim for interest paid on the other nine notes* was not included or referred to ; it was a bill by those who represented the payees, and against the makers of the notes; but the cross-bill was filed to enforce the re-payment of interest upon nine other notes which the makers had failed to pay and the indorsers had paid. This was a claim and cause of action to recover which a separate suit would lie, and which complainants were under no legal obligation to consolidate with the claim set up in said bill. Conceding the correctness of the proposition insisted upon by the learned counsel for appellant, that under the doctrine of *res adjudicata* all matters actually determined or properly involved in a prior suit are barred as a subject-matter for a second or subsequent suit between the same parties, yet the facts in this record do not support the contention, nor does it satisfactorily appear that

Telford and the assignees settled and adjudicated the claim for $720 in the settlement of August, 1886. The case of The Riverside Co. v. Townshend et al., 120 Ill. 18, cited by counsel for appellees, supports our view upon the question of *res adjudicata*, which question is fully discussed in the opinion. We are satisfied the findings of the Circuit Court were justified by the evidence, and find no errors requiring the reversal of the decree. We affirm the decree.

*Decree affirmed.*