JOSEPH TELFORD

v.

GERHARD W. GARRELS et al.

*Filed at Mt. Vernon April 22, 1890.*

1. USURY—*interest stopped by payment of principal—a contract construed.* A promissory note for $1000, payable four years after date, "with eight per cent annual interest from this date *until paid*," principal payable sixty days before the maturity thereof, does not show usury on its face. On payment of the principal the interest will stop, so that the maker will not, on payment of the principal, be required to pay interest beyond that date.

2. SAME—*interest in advance.* The fact that the annual interest reserved in a note is required to be paid sixty days before the lapse of each year, will not render the transaction usurious, as the creditor may lawfully require the payment of interest in advance.

3. SAME—*interest on overdue interest.* Where a debtor has agreed to pay annual interest, and upon a settlement with his creditor consents to allow interest on such annual interest not paid when due, the transaction will not be unlawful or usurious. If the debtor acquiesces in a demand for interest on overdue interest, and pays the same, this will not affect the validity of other notes of the same series remaining unpaid.

4. SAME—*commissions on loan.* Whether the charge of a commission for procuring a loan, in addition to the full, lawful rate of interest, amounts to usury, depends upon the fact whether the person exacting such commission was acting as the agent of the lender. If the borrower employs the agent to procure the loan, and pays him a commission therefor, the lender can not, for that reason, be charged with usury.

5. FORECLOSURE—*against husband and wife—decree directing husband to pay.* A husband borrowed a sum of money, with which he purchased land, and gave his notes for the purchase money, all signed by himself and his wife, except one, secured by their deed of trust on the premises. The decree of foreclosure required the husband alone to pay the sum found due: *Held,* that the wife could not be regarded as a joint debtor as between her and her husband. As to him she was only a surety, and if there was error in this respect it was not one injuriously affecting the husband's interest.

6. SOLICITOR'S FEE—*on foreclosure of mortgage.* There is no error in including in a decree of foreclosure a reasonable solicitor's fee, when the mortgage or deed of trust provides that such a fee may be paid out of the proceeds of sale.

7. SUBROGATION—*payment by assignor—subrogated to remedies and securities of assignee.* Where the indorser of notes secured by deed of trust, pays to the assignee, interest on the notes in discharge of his agreement and liability to the assignee, he will be subrogated to the security of the trust deed, and may, on bill to foreclose by the holder of the notes, by his cross-bill, have a decree for the interest so paid by him, as against the original debtor or mortgagor.

8. ASSIGNOR AND ASSIGNEE—*when the liability of the former accrues—waiver—voluntary payment.* The statutory rule that the assignee of a promissory note can not recover against the assignor until he has prosecuted the maker to insolvency, or shown that a suit against him would be unavailing, is one for the benefit of the assignor. As between him and the assignee he can waive the condition, and such waiver is no concern of the maker. When this is done the payment made by the assignor is not to be held as a voluntary one, within the meaning of that term.

9. FORMER ADJUDICATION—*as to what matters conclusive.* On bill by the assignee of three of twelve notes, to foreclose as to the three, it appeared that the assignor, on the failure of the maker to pay the interest which had accrued thereon, paid the same. The maker paid the balance due on such notes and the bill was dismissed. The assignor of the notes filed no cross-bill as to the interest so paid by him: *Held,* that the decree dismissing the bill so filed was not *res judicata,* so as to bar the assignor, on a subsequent bill to foreclose as to the other nine notes, from maintaining his cross-bill to enforce the security in his favor for the interest paid by him on these first notes.

10. APPEAL—*as to the amount involved.* A gave his twelve notes, of $1000 each, maturing, three in two years, three in four years and six in five years, which were indorsed to third parties. The maker failed to pay the annual interest, and the assignor paid the same, amounting to $720, after which the principal of the three first notes was paid by the maker, but not the interest which had been paid by the assignor. On bill filed to foreclose the deed of trust as to the nine notes, the assignor filed his cross-bill for foreclosure as to the interest so paid by him. The decree found about $12,000 due on the nine notes in favor of the holder thereof, and $720 due the assignor. The maker appealed, and the complainant in the cross-bill moved to dismiss the appeal from his decree, because less than $1000 was involved. The motion was denied, for the reason the two bills were so intimately connected as to be incapable of separation.

APPEAL from the Appellate Court for the Fourth District;— heard in that court on appeal from the Circuit Court of Marion county; the Hon. W. H. SNYDER, Judge, presiding.

Mr. H. C. Goodnow, and Messrs. W. & E. L. Stoker, for the appellant.

Mr. W. C. Kueffner, for the appellee G. W. Garrels.

Messrs. Krome & Hadley, for the other appellees.

Mr. Justice Magruder delivered the opinion of the Court:

On April 21, 1880, Telford, the appellant, borrowed $12,-000.00 from F. Ryhener & Co., and gave twelve notes of that date of $1000.00 each, three payable in two years, three in four years, and six in five years after date, to F. Ryhener & Co. or order, drawing eight per cent interest per annum. All the notes except one were signed by Telford and his wife, Laura A. Telford, who both executed a trust deed of the same date to Adolphus F. Bandelier upon 920 acres of land in Marion County to secure the payment of said notes. Ryhener & Co. retained the three notes due in two years after date, which afterwards passed to their assignees, Suppiger, Hermann, Ammann and Rugger, under a deed of assignment for benefit of creditors made by Ryhener & Co. on May 5, 1885.

Ryhener & Co. assigned the nine notes, due in four and five years after date respectively, by endorsement to Gruner, Haller & Co. of Berne in Switzerland. Gruner, Haller & Co. assigned them to different parties in Switzerland, who in turn assigned them to Garrels, one of the appellees herein.

The original bill in this case was filed on February 2, 1887, in the Circuit Court of Marion county by Garrels against Telford and wife, the trustee in the trust deed, and the assignees of Ryhener & Co., to foreclose the trust deed as to the nine notes owned by Garrels. The bill charges that the whole of the principal of the nine notes, together with interest from April 21, 1883, to April 21, 1884, and from April 21, 1885, to time of beginning suit, remained due and unpaid. Answers were filed to the original bill of Garrels by Telford and wife and by the assignees of Ryhener & Co. The Court rendered

a decree on August 29, 1888, finding that there was due to Garrels the principal sum of $9000.00 with interest from April 21, 1885, amounting to $11,416.00, and also allowing him $250.00 as a reasonable solicitor's fee.

We will first notice the objections made to the decree, so far as it relates to the issues formed upon the original bill.

*First,* it is objected that the notes are usurious, and that the usurious character of each note appears upon the face of it. The notes are all alike except as to the time of maturity, and the following is one of them:

"STATE OF ILLINOIS, ᣳ
 *Madison County.* ᣳ

"$1000.                              HIGHLAND, *April 21, 1880.*

"Four years after date, we, the undersigned, Joseph Telford and Laura A. Telford, or either of us, promise to pay to F. Ryhener & Co., or order, the sum of $1000 for money actually borrowed and received, with eight per cent annual interest from this date until paid, said interest payable annually, sixty days previous to the lapse of each year, at the office and into the hands of F. Ryhener & Co., at Highland, Madison county, Illinois, against special receipts therefor, signed and delivered by said F. Ryhener & Co., for each such payment, such receipts to be good and valid toward any subsequent owner or holder of this note, the principal also payable at the office of F. Ryhener & Co., sixty days before maturity of this note.

"Given under our hands and seals, at the place and on the day and year first above written.

"No. 1935.                    JOSEPH TELFORD,    [Seal.]
                              LAURA A. TELFORD. [Seal.]"

It is claimed that, by the requirement of a payment of the principal sixty days before maturity, the makers are obliged to pay interest for a period sixty days longer than the time during which they have the use of the money, or, in other words, that they must pay the principal forty six months after date and pay interest on the principal for a period of forty

eight months. We do not think that such is the meaning of the language used in the note. The principal sum is made payable "with eight per cent annual interest from this date *until paid.*" The interest runs only until the payment of the principal. When the principal is paid, the interest stops. Upon payment of the principal forty six months after date, the makers can only be required to pay interest for ten months of the last year. As to the claim of the appellant that the note is usurious because the annual interest is payable sixty days previous to the lapse of each year, it has been held by this court that a contract to pay interest in advance is not usurious. (*Brown et al.* v. *Mortgage Co.* 110 Ill. 235 and cases there cited).

It is also objected by Telford, that he paid George W. Cone a commission of two per cent on the $12,000.00, or $240.00, and that such payment made the loan usurious. This depends upon the question whether or not Cone was the agent of Telford in procuring the loan from Ryhener & Co. If appellant employed Cone to get the money and paid him a commission for so doing, the lenders cannot, for that reason, be charged with usury. The trial court found that Cone was appellant's agent in the premises, and we think that such finding is supported by the evidence. As the appellant alleged usury the burden was on him to prove it, and it was his duty to establish it by a preponderance of the evidence. He has failed to do so. (*Boylston* v. *Bain,* 90 Ill. 283; *Kihlholz* v. *Wolf,* 103 id. 363; *Hoyt* v. *Pawtucket Inst. for Savings,* 110 id. 390; *Cox* v. *Life Ins. Co.* 113 id. 382).

It is further urged, that there was usury in the fact that appellant paid interest upon the over due interest for one year. It seems that appellant went to St. Louis some time in 1886, and there paid Garrels $720.00 for the interest due on the $9000.00 for the year from April 21, 1884, to April 21, 1885, and also at the same time paid some interest on the $720.00 from April 21, 1885, when it was due, up to the date of its

payment in 1886. Where a debtor has agreed to pay annual interest, and, upon a settlement with his creditor, consents to allow interest on such annual interest not paid when due, the transaction is not illegal. (*Haworth* v. *Huling,* 87 Ill. 23). The claim made by Garrels for interest on the over due interest was acquiesced in by appellant, and the amount claimed was paid by him. The transaction was thereby ended and cannot affect the validity of the notes remaining unpaid.

*Second*, it is assigned as error that the decree allows the sum of $250.00 for a solicitor's fee. The trust deed contains a provision that, in case of foreclosure, reasonable attorney's and solicitor's fees may be paid out of the proceeds of sale, and the evidence shows that the amount allowed is a reasonable fee for the services rendered. Under such circumstances the decree was not erroneous in providing for the payment of such amount. (*McIntire* v. *Yates et al.* 104 Ill. 491).

*Third*, it is further assigned as error that the decree requires Telford alone to pay the amount due, and that such decree is not against Mrs. Telford, although she signed all the notes except one. The evidence shows that Telford alone borrowed the money, and that the indebtedness thereby created was his and not his wife's. If it was error not to order her as well as himself to pay the money, it was not such error as injuriously affected his interests, and therefore he cannot complain. He bought the 920 acres and paid the $12,000.00 upon the purchase. Though signing the note with him, his wife cannot be regarded as having thereby assumed any other relation towards her husband than that of a mere surety. As between him and herself she was not a joint obligor, and consequently he could in no event be entitled to contribution from her.

The assignees of Ryhener & Co., after having answered the original bill filed a cross-bill, and we will now notice the objections made by appellant to that portion of the decree, which has reference to the matters involved in the pleadings in the cross-suit.

The cross-bill sets up that the three notes due in two years from date have been paid; that Ryhener & Co. were bankers at Highland in Madison county, and that Gruner, Haller & Co. were bankers doing business in Berne, Switzerland, and acting as the agents, in the collection of interest and principal, of the parties to whom the other notes had been assigned; that Telford failed to pay the interest due for the year from April 21, 1883, to April 21, 1884, and that Gruner, Haller & Co. acting for the holders of the notes demanded such interest of Ryhener & Co. as endorsers of the notes; that Ryhener & Co. as such endorsers paid said interest amounting to the sum of $720.00 to the Swiss bankers for the owners of the notes, and thereby became subrogated, to the extent of $720.00, to the rights of the holders of said notes in the mortgaged premises, and became entitled to have said sum paid by the Telfords, or, in default thereof, out of the proceeds of the sale of the mortgaged premises; that the Telfords did not pay said interest to Ryhener & Co. before the assignment of the latter on May 5, 1885, and have not paid it to the assignees; that by agreement between Garrels and the assignees, Garrels is entitled to collect the $720.00 and have it included in the decree in his favor; the prayer is for an accounting as to the amount so due, and, in default of its payment, for a sale of the mortgaged premises, etc. The decree found in accordance with the averments and prayer of the cross-bill, and decreed that Telford pay to the cross-complainants the $720.00 with interest from the date of the decree.

The first position taken by appellant upon this branch of the case is, that he paid the interest to Cone for Ryhener & Co. This is a question of fact and was decided against appellant by the trial court. Such decision was warranted by the testimony. Without going into an analysis of the evidence, it is sufficient to say, that the fact of such payment is supported solely by the statement of appellant, while Cone swears positively that no such payment was ever made to him, and

Ammann and Garrels both testify to admissions made by appellant, which are wholly inconsistent with the theory of such payment.

The next position is that, if Ryhener & Co. paid the $720.00 to Gruner, Haller & Co., they did so as volunteers, and, therefore, that neither they, nor their assignees under the assignment made by them, could make Telford their debtor without his consent, and have recovery against him. The position is not tenable. Telford was primarily liable to pay the $720.00 either to Ryhener & Co. or to their endorsee or endorsees, and he has never paid it to either. The debt being due from him, his interests are not injuriously affected whether such debt is paid to an endorsee or to the original payee. By their contract of endorsement, Ryhener & Co. agreed with their immediate endorsees, as well as with every subsequent endorsee, that Telford would pay the interest on the note at its maturity, and that, if he did not pay it, they as endorsers would do so. (2 Parsons on Notes and Bills, page 23.). Telford did not pay at maturity; therefore, they had a right to pay their endorsees as they had agreed to do and to look to Telford for reimbursement. The relation of debtor and creditor was reestablished between Telford and Ryhener & Co. when the latter made payment to the endorsees, and, to the extent of such payment, Ryhener & Co. became subrogated to the rights of the holders of the notes.

It is true, that, under our statute, the assignee of a note cannot recover against the assignor or endorser, until he has prosecuted the maker to insolvency, or shown that a suit against him would be unavailing. But the condition thus imposed is for the benefit and protection of the assignor. As between him and the assignee he can waive the condition. Such waiver is a matter of no concern to the maker and can do him no harm. By it his liability is not increased in any way. The payment by the endorser to the assignee under such circumstances as appear in the record cannot be held to be a volun-

tary payment within the meaning of that term. (*Conwell* v. *McCowan*, 81 Ill. 285; *Richeson* v. *Crawford*, 94 id. 165).

It appears from the evidence, that in July, 1886, the assignees of Ryhener & Co. filed a bill to foreclose the trust deed as to the three notes due in two years, then held and owned by them. In August, 1886, Telford paid the three notes and the interest thereon, and the foreclosure suit was dismissed. The appellant claims that this foreclosure suit operates as *res adjudicata* as to all matters in controversy between him and the assignees. The contention is, that the right of the assignees to the $720.00 could have been and should have been asserted in the former foreclosure suit, and, not having been set up there, cannot be enforced here. The principle of *res adjudicata* has no application.

The claim in the former suit and the claim in this suit are different and distinct claims. There, the bill was filed by the assignees to foreclose as to three notes due in two years; here the cross-bill is filed by the assignees to foreclose as to certain interest upon nine notes due in four and five years. The subject matter of the present litigation was not involved in such former litigation. The present cause of action is one, for which a separate suit would lie, and the cross-complainants were not obliged to consolidate it with the cause of action involved in the former suit.

That which is above said in respect to the controversy in the cross-suit, assumes the jurisdiction of this court in regard thereto, notwithstanding the fact that only $720 is involved therein. If there is jurisdiction, it would seem it must be upon the ground that the notes in the original suit, and the interest on the same notes at issue in the other suit, being based upon the same contracts and secured by the same trust deed, and to be paid by the same foreclosure and sale, are so intimately connected that they can not be separated. It is probable, however, that according to the doctrine held in *Malaer* v. *Hudgens*, 130 Ill. 225, and *Moore* v. *Williams, post,*

p. 591, there is a want of jurisdiction in this court to entertain the appeal in respect to the demand in the cross-bill. A decision of the point is unnecessary, as, in the event of either conclusion, the result reached is substantially the same.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*