### John W. Buckley v. Arthur B. Jones.

1. ATTORNEY'S FEES— *In Foreclosure Suits.*—When a mortgage or trust deed in the nature of a mortgage, provides for the payment of an attorney's fee in case of a foreclosure, it is proper to enter the same in the decree.

Foreclosure.—Trust deed in the nature of a mortgage.  Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding.  Submitted at the March term, 1895, of this court. Reversed and remanded with directions.  Opinion filed April 22, 1895.

SAWIN & VANDERPLOEG, attorneys for appellant.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellee obtained a decree of foreclosure against the appellant for $6,035.63, from which this appeal was taken.

The justice of the decree is not questioned, except as to the amount of $198.45, $16 of which is a mistake in mathematics, and the residue a mistake allowing items said to be not properly chargeable.  The appellee does not appear in this court.

On two items amounting to $32.45, we will waste no space.  Another of $150 is for attorney's fees, for which the trust deed in the nature of a mortgage provided as follows: " And out of the proceeds of any such sale, to first pay the costs of said suit, all costs of advertising, sale and conveyance, including the reasonable fees and commissions of said party of the second part, or person who may be appointed to execute this trust, and $150 attorney's and solicitor's fees, and all other expenses of this trust, including all moneys advanced for insurance, taxes and other liens or

assessments, with interest thereon at seven per cent per annum, then to pay the principal of said note," etc.

In Telford v. Garrels, 132 Ill. 550, language, such as is here quoted, is held to justify the inclusion of the fees in the decree.

The decree is reversed and the cause remanded with directions to enter a decree for the amount of principal and interest that may be due according to the terms of the note secured by the deed, and $150 attorney's fees.

The appellant recovers his costs in this court.