## CHARLES C. GANTZER

### v.

## JOHN SCHMELTZ.

*Opinion filed December 16, 1903—Rehearing denied December 4, 1904.*

1. USURY—*defendant alleging usury must prove it by a preponderance of evidence.* A defendant in foreclosure who sets up the defense of usury in his answer has the burden of establishing such defense by a preponderance of the evidence.

2. SAME—*what is not usury.* That the trustee in a deed of trust received a commission from the grantor without the knowledge of the *cestui que trust,* who received no part of the commission, does not render the loan usurious, although the interest reserved was the full rate allowed by law.

3. SOLICITORS' FEES—*trustee not entitled to solicitor's fee for foreclosing trust deed.* A trustee in a trust deed is not entitled to an allowance as solicitor's fees for professional services rendered by him as an attorney in foreclosing the deed, even though the deed provides for allowing complainant's solicitor's fees.

4. SAME—*effect where another attorney is substituted for trustee after beginning of suit.* If another attorney is substituted for the trustee as complainant's solicitor after the trustee has conducted the foreclosure up to the order of reference to the master, the value of the services so performed by the trustee should be deducted from the amount allowable as a reasonable solicitor's fee for the whole.

*Gantzer v. Schmeltz,* 107 Ill. App. 641, reversed in part.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. PHILIP STEIN, Judge, presiding.

This is a bill, filed June 21, 1901, to foreclose a trust deed dated October 1, 1900, from Charles C. Gantzer and wife to Will H. Moore, trustee, conveying a lot in Cook county to secure payment of two notes of even date therewith, one for $5500.00, and the other for $500.00, due in one year after date, with interest at six per cent per annum, payable semi-annually, the installments of interest being evidenced by four coupon notes, two being

for $165.00 each due April 1, 1901, and October 1, 1901, respectively, for interest on the $5500.00 note, and two for $15.00 each, due April 1, 1901, and October 1, 1901, respectively, for interest on said $500.00 note. Complainant in the bill, John Schmeltz, was the owner of the notes, and alleged default for the payment of the interest coupon due April 1, 1901, for $165.00; that the coupon for $15.00 due April 1, 1901, was paid, and that $30.00 had been paid on account of the coupon for $165.00. There was a provision in the trust deed and in the principal notes that, if default should be made in the payment of interest on the principal, or any portion thereof should remain due and payable after the same should become due, then the principal sum and all arrearages should, at the option of the legal holder, become due and payable without notice, etc., and that, by reason of said default, complainant had elected to and had declared the entire principal and interest due and collectible; that there was due the sum of $6000.00 principal indebtedness, $135.00 interest due April 1, 1901, with interest thereon at seven per cent per annum after maturity, and interest at six per cent per annum on said $6000.00 from April 1, 1901. The trust deed provided that, in case of foreclosure, the reasonable fees and charges of the holder of the notes, his attorneys and solicitors, for services in the suit, should be a further lien upon said premises, and paid out of the proceeds of sale, if not otherwise paid by appellant, and that, in case of foreclosure, the fees of complainant's solicitor should be five per cent of the amount of the principal indebtedness secured by said trust deed. The defendants to the bill were Charles C. Gantzer, his wife, Bothella G. J. Gantzer, and Will H. Moore, trustee. The prayer was that the defendants, or one of them, be decreed to pay whatever sum should be found due, together with $300.00 solicitor's fees, and that, in default of such payment, the premises be sold. A joint and several answer was filed by Gantzer and his wife.

The cause was referred to a master, who made a report finding that the amount due the complainant was $6343.53. Default was entered against Will H. Moore, the trustee, who entered his appearance, waiving service, and consenting to a default. The usual decree of foreclosure was entered for the amount found due by the master, approving his report and ordering sale of the property. An appeal was taken from the decree of foreclosure to the Appellate Court, and was there affirmed. The present appeal is prosecuted from the judgment of affirmance entered by the Appellate Court.

MORTON T. CULVER, for appellant.

THOMAS J. HOLMES, and ROBERT R. BALDWIN, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

The answer, filed in this foreclosure proceeding, set up the defense of usury. This defense was based upon the fact, that appellant paid the sum of $75.00 to Moore for commissions in procuring the loan of the money, and for services in drawing the trust deed and notes. No testimony was introduced before the master by the appellant. All the testimony, introduced before the master, was taken by the complainant below, the appellee here. The only witnesses were the trustee, Moore, and appellee's solicitor. It is claimed, on the part of appellant, that the commissions paid to Moore, added to the interest on the loan, amounted to more than legal interest and constituted usury. Appellant contends that Moore, the trustee, acted as the agent of appellee, and that the commissions, received by him, were for the benefit of appellee. The commissions, received by Moore, were not in pursuance of any arrangement with the appellee, or with appellee's knowledge. The evidence does not show

that appellee received any part of the commission, or received any more, or was to receive any more than legal interest on the money loaned. It has been held by this court that brokers, negotiating loans of other people's money, may charge the borrower commissions without thereby making a loan at the full rate of legal interest usurious. (*Hoyt* v. *Pawtucket Institution for Savings*, 110 Ill. 390). As the appellant alleged usury in his answer, the burden was on him to prove it, and it was his duty to establish it by a preponderance of the evidence. He failed to do so. (*Telford* v. *Garrels*, 132 Ill. 550).

The court below allowed $300.00 for solicitor's fees. The trust deed provides that, in case of a foreclosure, the amount "of said fees and charges may be fixed by the court, * * * but it is agreed that the sum allowed and decreed for complainant's solicitor's fees in case of foreclosure shall be five per cent of the amount of the principal indebtedness hereby secured," etc. Five per cent of the $6000.00 loan to appellant amounted to $300.00. But this amount was to be the fee for conducting the foreclosure proceeding from its inception to its termination. It appears that Will H. Moore, the trustee, is a lawyer by profession, and he filed the bill as solicitor for complainant, making himself a defendant, as trustee. After the bill had been filed, summons issued and returned, appearance of defendants entered, demurrer filed and withdrawn, and answer filed, the appearance of another solicitor was substituted for that of Will H. Moore, as complainant's solicitor. It has been held by this court that a trustee in a trust deed, who is also an attorney at law, is not entitled to an allowance for professional services, rendered in foreclosing the deed in his own behalf, and for his co-complainant, the holder of the note, although the deed provides for a reasonable sum for complainant's solicitor's fee. This holding has been based upon the doctrine, that a trustee in a trust deed is the representative of both parties to the instrument, and he

must act fairly and impartially, and not in the exclusive interest of either. (*Gray* v. *Robertson*, 174 Ill. 242).

Therefore, whatever services in the foreclosure proceeding were performed by Moore, the trustee, as solicitor for the complainant below, the appellee here, were performed voluntarily and without the right on the part of Moore to make any charge therefor. All the services in the foreclosure suit up to the time of the reference to the master were performed by Moore. He is not entitled to an allowance for such services. The services of the solicitor, who was substituted in Moore's place, did not begin until the time of the entry of the order referring the case to the master. The proof, showing that $300.00 was a reasonable attorney's fee, established it as such a reasonable fee for the conduct of the whole proceeding from its inception to its end. Therefore, the solicitor, who was substituted for the trustee as complainant's solicitor, is only entitled to such proportion of the fee of $300.00, as remains after deducting the value of the services performed by the trustee before such substitution. We are, therefore, of the opinion that it was error to allow the full fee of $300.00 to the substituted solicitor.

The decree is affirmed in all respects except as to the allowance of the solicitor's fee. For the error in the allowance of this fee, the decree of the court below is reversed, and the cause is remanded to the superior court of Cook county, with directions to ascertain the value of the legal services performed from the time of the entry of the order of reference to the time of the final decree. That is to say, an account must be stated, showing the value of the services performed by the trustee as solicitor before the substitution, and such value must be deducted from the total amount of the fee, and decree entered for the balance. *Decree affirmed in part.*