James Donovan, Appellant, *vs.* The National Life Insurance Company *et al.* Appellees.

*Opinion filed October 26, 1912.*

1. Redemption—*what does not show that amount bid on foreclosure was grossly inadequate.* The fact that the master, in a foreclosure proceeding, found the value of the premises to be $71,000 whereas they were bid in by the mortgagee for some $36,000, does not, in a subsequent proceeding to redeem, brought several years later, show that the bid was grossly inadequate, where no such objection was made at the time of the sale and where there is evidence tending to show that changes in the use of property in the vicinity had depreciated values.

2. Same—*what is not fraud in preventing redemption.* The fact that the mortgagee, after the twelve months' period for redemption had expired, refused for several days to deliver to the mortgagor the abstract of title, which was then the mortgagee's property, cannot be urged as fraud, upon the theory that the refusal prevented the mortgagor from making a loan and redeeming from the sale.

3. Same—*a party seeking to redeem must show right to relief.* While the law favors the right of redemption, yet it is incumbent upon one seeking to redeem after the period of redemption has expired, a deed has been issued to the purchaser and arrangements made by the purchaser to sell the premises to a third party, to make such a case by his proof as entitles him to relief.

Appeal from the Circuit Court of Cook county; the Hon. Adelor J. Petit, Judge, presiding.

W. P. Black, and A. B. Chilcoat, for appellant.

Sears, Meagher & Whitney, for appellees.

Mr. Justice Cooke delivered the opinion of the court:

Appellant filed his bill to redeem from a master's foreclosure sale in the circuit court of Cook county. Appellees answered, and the cause was referred to the master with direction to report his proofs with findings. The master reported finding all the issues for the appellees and recommended that the bill be dismissed for want of equity. The

report of the master was approved by the chancellor upon exceptions filed and a decree entered dismissing the bill. From that decree this appeal has been perfected.

On October 22, 1904, James Donovan, the appellant, and his wife, gave a mortgage on certain real estate in the city of Chicago to the appellee the National Life Insurance Company to secure the payment of the sum of $22,500, the first six months' interest being paid in advance. Default having been made when the second installment of interest became due, in October, 1905, the insurance company instituted foreclosure proceedings on January 19, 1906, and secured a decree of foreclosure on June 11, 1907, and from this decree an appeal was perfected to the Appellate Court for the First District, where the decree of the circuit court was affirmed. A further appeal was prosecuted to this court, where the judgment of the Appellate Court was affirmed. (*National Life Ins. Co.* v. *Donovan,* 238 Ill. 283.) The premises were sold on May 25, 1909, and were purchased by the insurance company for $36,484.80, being the amount of the debt, interest and costs. This sale was duly confirmed. The period of redemption having expired on August 25, 1910, a master's deed was executed and delivered to the insurance company on August 26, 1910. Thereafter, and during that month, the insurance company took possession of the property. After obtaining the master's deed the insurance company entered into a contract for the sale of the property to the Popular Mechanics Company for the sum of $55,000, of which $5000 was paid at the time of the execution of the contract. Afterwards, on October 20, 1910, this bill was filed, whereby appellant seeks to redeem from the foreclosure sale. The bill charges that the purchase price is so inadequate as to shock the conscience, and that by reason of the fraudulent practices of the appellee insurance company appellant was hindered and prevented from making redemption within the time provided by law.

No legal questions are raised on this appeal, and the only questions presented for our consideration are the weight and effect of the testimony taken before the master and the correctness of his findings and the decree of the circuit court thereon.

Considerable testimony was offered on the part of both the appellant and appellees as to the present value of the premises in question. Some of the witnesses for appellant placed the value as high as $150,000, while the witnesses for appellees testified that the property was worth from $50,000 to $60,000. The master found it was worth not to exceed $60,000, and from a careful examination of all the testimony offered on this question we are of the opinion, considering the qualifications of the various witnesses, that the conclusions of the master should not be disturbed. Appellant attaches great importance to the fact that in the foreclosure proceedings in 1907 the master, in his report, found the value of the property to be at least $71,000. There does not appear to have been any contest as to the value at that time, and even though the value was correctly found at that time, it does not follow that the property would be of the same value three years later. The evidence disclosed that there had been a change in the nature of the use of the property in that vicinity which was calculated to depreciate the value of this property. No objection was made to the foreclosure sale, no attempt to have the same set aside on account of the inadequacy of the amount bid, and no appeal was taken from the order of the court confirming that sale.

The fraudulent practices complained of by the appellant whereby he claims he was prevented from making a redemption of this property consist of three circumstances. The first one relied upon is, that in the month of April or May, 1910, just prior to the expiration of the twelve months in which appellant was entitled to redeem from the foreclosure sale, he was negotiating, through a real estate

agent in Chicago, for the sale of the premises in question; that this agent had procured a purchaser in the person of Frank O. Hawley, who agreed to take the premises subject to a mortgage of $50,000 and to convey to appellant four hundred acres of land in Carroll county, said to be worth $75,000. The agent testified that he knew, in a general way, that foreclosure proceedings were pending against this property and that the National Life Insurance Company held the mortgage and was the complainant in the proceeding; that he called the office of the insurance company by telephone from his office in Chicago and that some man responded; that he inquired whether that was the office of the National Life Insurance Company and was told that it was; that he then inquired the amount of the indebtedness and was told that it was $75,000, and also that this was the least sum for which the same could be redeemed. He testified he thereupon informed Mr. Hawley of these facts and for that reason the deal was called off. Appellees objected to this evidence for the reason that the agent did not know to whom he was speaking in the telephone conversation. That objection is not seriously relied upon here, and to refute this testimony appellees produced all the officers and employees of the company who were connected with it at that time, and each of them testified that no such conversation had been carried on by him or her with any person with relation to this property. It appeared from this testimony that there was a switchboard in the office of the insurance company which was operated at all times by one of three girls, and that no one else, at the time of this conversation, was in charge of the switchboard; that it was impossible for anyone, in calling the office, to get into communication with any man in the office without having secured the party through the girl then operating the switchboard. The testimony of the agent was positive that he was not answered by a female voice but that the only conversation he had was with some man.

The master was warranted in concluding from the testimony that no such conversation occurred. But even if the conversation had occurred as claimed by appellant it would not entitle him to the relief sought. According to the testimony produced in his behalf the appellant was to convey the premises in question subject to a mortgage of $50,000. There was no mortgage upon the premises. It stood subject to redemption from sale, awaiting a master's deed. Appellant did not offer to show that he had anyone at that time who was willing to make him a loan of $50,000 on the premises or that he had any means whatever to pay the redemption money. The agent does not claim that he made any effort to see Mr. Donovan to ascertain whether or not the information he secured from the insurance company was correct. It seems rather remarkable that in a deal of this magnitude a real estate agent would drop the whole transaction without making any effort to verify the correctness of the report he had received.

The next instance in which the appellant claims the insurance company was guilty of fraudulent practice occurred after the twelve months' period of redemption had expired. During the latter part of the month of July, 1910, appellant demanded the abstract of title to these premises, which was in the possession of the insurance company and had been held by it from the time the loan had been made. The company declined to deliver the abstract and appellant applied to one of the judges of the circuit court of Cook county, and finally received an order in a default proceeding for the delivery of the abstract and the same was delivered within four days after the demand had been made for it. Appellant testified, in a general way, that at the time he demanded the abstract he had an opportunity to secure a loan to redeem from the sale but that because of his failure to secure the abstract he was unable to secure the loan. No one corroborates appellant that he had made any arrangements to secure any money at this time and that

he failed to secure it by reason of his inability to secure the abstract in apt time. At the time the demand was made for this abstract it was the property of the insurance company, and the company cannot be charged with any wrongdoing in attempting to withhold it.

The other instance wherein it was claimed that the appellees were guilty of fraudulent practice was during the month of September, 1910, and after the fifteen months' period of redemption had expired. Appellant claims that through one of his attorneys he had made arrangements for a loan from the Salvation Army whereby he might redeem these premises, and that his attorney and certain officers of the Salvation Army, together with their attorney, inspected the premises, and that by reason of the failure and refusal of the insurance company to deliver to him a sketch of the floor plan of the building on the premises he was unable to complete his negotiations with the representatives of the Salvation Army. The great preponderance of the evidence is that the Salvation Army was not considering the proposition of making a loan but desired to purchase this property, and that the attorney for appellant at that time was not representing him but had learned that there was a prospect of selling the premises to the Salvation Army and applied to the insurance company for permission to inspect the same, with the hope that if a sale was made he might receive a commission therefor.

The report of the master bears evidence that all the matters presented to him were given careful consideration, and he finds that the evidence is too weak to support any material allegation of the bill. After a careful examination and consideration of the record we are of the opinion that the conclusion of the master is correct. While we are not unmindful of the fact that the law favors the right of redemption, we are of the opinion that appellant has not made such a showing as entitles him to any relief.

The decree of the circuit court is affirmed.

*Decree affirmed.*